RESSLER, APPELLANT, *v.* RESSLER, APPELLEE.

[Cite as Ressler *v.* Ressler (1985), 17 Ohio St. 3d 17.]

(No. 84-626—Decided April 24, 1985.)

*Steiner & Stern Co., L.P.A.,* and *William F. Steiner,* for appellant.
*L. Ray Jones* and *Frank P. Bianco,* for appellee.

WRIGHT, J. This case presents the issue of whether a court has continuing jurisdiction to modify a divorce decree that orders sustenance alimony payments for a specific term of years, conditionally terminable by death, remarriage or cohabitation. Both sides cite *Wolfe* v. *Wolfe* (1976), 46 Ohio St. 2d 399 [75 O.O.2d 474], as support for their arguments. In *Wolfe,* this court held that a court has continuing jurisdiction to modify a divorce decree that orders sustenance alimony over an indefinite time period. However, *Wolfe* is distinguishable because that case involved a sustenance award that was extended indefinitely and terminable on certain conditions subsequent, whereas this case involves a sustenance award that is subject to conditions subsequent, but definitely terminates after a term of years.

In *Colizoli* v. *Colizoli* (1984), 15 Ohio St. 3d 333, we held that a combined sustenance alimony and child support award in a fixed amount that was adjusted downward in the event of remarriage or death that was payable over a period of twelve years was not subject to adjustment absent an express reservation of jurisdiction by the reviewing court. In like manner, we hold that a decreeing court does not have continuing jurisdiction to modify a sustenance alimony award that was made for a fixed period of years even though the award is subject to termination in the event of death, remarriage or cohabitation unless the decreeing court expressly reserves jurisdiction to modify. In so ruling we are promoting the concept that alimony decrees should possess a degree of finality and certainty. It would be illogical to hold that this situation is distinguishable from that of *Colizoli* because the decree in that case provided for only a reduction in alimony on the occurrence of a condition subsequent, whereas the decree in the instant case terminated all alimony payments on the occurrence of the condition subsequent. In both situations, the total alimony amount could be affected by conditions subsequent and the payments definitely terminated after a fixed period of years. Further, this case does not differ from *Colizoli* by reason of the fact that the parties determined their

alimony by litigation instead of by agreement. Divorce decrees determined by court order deserve the same finality as those ordered pursuant to an agreement.

Accordingly, we find that the trial court did not have jurisdiction in this matter and reverse the judgment of the court of appeals.

*Judgment reversed.*

SWEENEY, HOLMES, C. BROWN and DOUGLAS, JJ., concur.

CELEBREZZE, C.J., and FORD, J., dissent.

FORD, J., of the Eleventh Appellate District, sitting for LOCHER, J.

CELEBREZZE, C.J., dissenting. I must respectfully dissent in this case. Today's decision effectively emasculates this court's opinion in *Wolfe* v. *Wolfe* (1976), 46 Ohio St. 2d 399 [75 O.O.2d 474], which held the inclusion of conditions subsequent (*i.e.,* remarriage or death) in a divorce decree, which terminate all alimony, renders the decree indefinite. The court granting such an indefinite award thereby has an implied "* * * reservation of jurisdiction to modify * * *" the decree. *Id.* at paragraph two of the syllabus.

While I did not agree with this court's rationale in *Wolfe* and dissented from the holding, I recognize that it is the law of Ohio and that parties to divorce proceedings, their attorneys, and the decreeing courts have presumably relied on its holding for nearly a decade when drafting settlements and divorce decrees. In my opinion, the decree in the case *sub judice* is not significantly distinguishable from *Wolfe*. In attempting to distinguish *Wolfe,* the majority has misinterpreted the *Wolfe* decision and then altered its import. In paragraph two of the *Wolfe* syllabus this court held:

"Where, upon granting a divorce, a court awards alimony to a wife, pursuant to an agreement of the parties, to be paid until the condition subsequent of remarriage or death of the wife, and such award is for her sustenance and support and independent of any award arising by adjustment of the property rights of the parties, reservation of jurisdiction to modify the award will be implied in the decree."

Writing for the court, in *Wolfe,* Justice William B. Brown explained at 419 that the holding was only to embrace alimony awards which were "for an indefinite amount." The court found the amount of the award in *Wolfe* indefinite because "[t]he occurence [*sic*] of those two conditions subsequent [remarriage or death] is necessarily indefinite." *Id.*

More recently, this court further examined what constitutes an indefinite award in *Colizoli* v. *Colizoli* (1984), 15 Ohio St. 3d 333. The decree in *Colizoli* provided for alimony payments for a fixed number of years to

be reduced (but not terminated) upon the remarriage or death of the wife. This court held that such an award was not subject to modification by the decreeing court under the *Wolfe* decision as the *Colizoli* order was "* * * for a *definite* amount over a specified number of years." *Id.* at 336.

In *Wolfe* the alimony support order ran for a continuing period of time and was terminable upon the death or remarriage of the spouse. As Justice William Brown explained, the occurrence of these two uncertain events made the award and decree indefinite and subject to court modification. Unlike *Wolfe,* the *Colizoli* decree did not terminate the award upon the occurrence of the conditions subsequent but rather decreased the amount of the award for a set number of years. The *Colizoli* opinion states:

"In the case at bar, the wife can continue receiving such payments, albeit reduced by $6,000 per year, regardless of whether she dies or remarries. We believe that where the parties agree to and the court decrees, a sustenance alimony award for an ascertainable amount over an ascertainable term of years, such an award should not be subject to modification absent an express reservation of jurisdiction to do so by the decreeing court." *Id.*

In the case *sub judice* the decree was for a definite amount and period of years; however, it also contained the marriage/death termination proviso this court found controlling in *Wolfe.* Unlike *Colizoli,* the award was not reduced a predetermined amount. Like *Wolfe,* it provided for complete termination of the award upon the occurrence of the conditions subsequent and is therefore indefinite.[1]

If the majority of this court wishes to overrule *Wolfe,* either in whole or part, they should expressly do so. However to now state that today's decision is distinguishable and thereby consistent with *Wolfe* is an insult to the domestic relations judges and attorneys of this state who have relied on our earlier holdings.

Contrary to the statement in the majority opinion herein that "[i]t would be illogical to hold that this situation is distinguishable from that of *Colizoli* * * *," I believe the only factor consistent with today's decision and our holdings in *Colizoli* and *Wolfe* is that all three opinions held in favor of the husband.

In my opinion the decree herein falls squarely within paragraph two of the syllabus of *Wolfe* and is subject to modification by the decreeing court. Based on the foregoing, I dissent.

FORD, J., concurs in the foregoing dissenting opinion.

---

[1] The *Wolfe* court's premise is that it is not the continuing nature of the decree which renders the award definite or indefinite as the majority today suggests. Rather, *Wolfe* recognized that the complete and total termination of the entire alimony award upon the occurrence of a specified condition subsequent makes the initial decree indefinite. *Wolfe, supra,* at 419.

FORD, J., dissenting. I would join with the majority if it applied its logic in the case *sub judice* to overrule *Wolfe* v. *Wolfe* (1976), 46 Ohio St. 2d 399 [75 O.O.2d 474], altogether. I share the view expressed by Chief Justice Celebrezze in his dissenting opinion. "Peeling the banana" a side at a time only compounds confusion.

It appears more prudent to provide litigants, as well as attorneys and judges in this area, with a clear and workable rule. If we are to have *Wolfe,* then I believe its rationale should be applied uniformly in both divorce actions as well as dissolution cases, as expressed in my dissent in *McClain* v. *McClain* (1984), 15 Ohio St. 3d 289, 291-292. The effect of re-examination of its principles by this court appears to be the creation of an amorphous trail that is difficult to follow. Continued modification of *Wolfe* serves no worthwhile purpose. We should return to the days of yesteryear, and make *Wolfe* an extinct species, rather than an endangered one.