MERRILL, APPELLEE AND CROSS-APPELLANT, *v.* MERRILL, APPELLANT AND CROSS-APPELLEE.

(Nos. 12159 and 12192—Decided October 2, 1985.)

*Philip W. Murray,* for appellee.
*Gerald J. Glinsek,* for appellant.

QUILLIN, P.J. In this appeal we must decide whether a court of common pleas has jurisdiction to enforce a provision in a dissolution of marriage decree which incorporates a separation agreement in which the parties have agreed to allow the court to modify periodic sustenance alimony payments. We hold that a court does retain jurisdiction in such cases and therefore we reverse the judgments.

The marriage of Richard and Peggy Merrill was dissolved in 1981. The trial court incorporated a separation agreement into the decree. As part of this agreement, Peggy was to receive alimony in the sum of $150 per month until she or Richard died or she remarried. The parties agreed generally to make the provision for alimony subject to further order of the court and specifically provided for modification by the court if Richard should receive a certain inheritance. In 1983, Peggy filed a motion for modification of alimony. The trial court granted the motion and increased the alimony to $200 per month. No appeal was taken from this order.

In 1984, Richard filed a motion to terminate the alimony on the ground that Peggy was living with another man. A referee recommended that the alimony be terminated. Peggy filed objec-

tions to the referee's report. The gist of the objections was that the trial court lacked jurisdiction to modify the alimony payments due to the Ohio Supreme Court's ruling in *McClain* v. *McClain* (1984), 15 Ohio St. 3d 289. The syllabus of *McClain* states:

"A court of common pleas does not have jurisdiction to modify a provision for periodic sustenance alimony payments contained within a dissolution of marriage decree. (*Wolfe* v. *Wolfe,* 46 Ohio St. 2d 399 [75 O.O.2d 474], limited.)"

The trial court ruled that it had no jurisdiction to modify the alimony provision contained in the dissolution decree. Richard appeals from this judgment in case No. 12159.

Richard then moved to vacate the trial court's 1983 order which increased Peggy's alimony. Richard argued that this order must also be void, in that, if the court lacked jurisdiction to modify the alimony in 1985, then it also lacked the jurisdiction in 1983. The trial court granted the motion to vacate. In case No. 12192, Peggy appeals from this judgment. Case Nos. 12192 and 12159 were then consolidated.

Richard's Assignment of Error 1

"The trial court erred when it determined that it did not have jurisdiction to modify the alimony decree."

Peggy's Assignment of Error

"The trial court erred in retrospective application of *McClain* v. *McClain,* 15 O.S. 3rd, 289, in vacating its order of July 21, 1983, which had granted an increase of alimony."

The Supreme Court's ruling in *McClain, supra,* that a trial court lacked jurisdiction to modify, addressed different facts than those presented in the case *sub judice.* The Supreme Court was not faced with a situation where the parties agreed to allow the court to modify sustenance alimony.

The holding in *McClain, supra,* was based on the consensual nature of separation agreements incorporated into decrees of dissolution of marriage and upon the legislative history of R.C. 3105.65(B) which presently provides:

"* * * The court has full power to enforce its decree, and retains jurisdiction to modify all matters of custody, child support and visitation."

As originally enacted, this section specifically gave the trial court jurisdiction to modify alimony. The Supreme Court placed great importance on the deletion of alimony from the statute. We believe, however, that alimony was deleted from the statute to prevent a court from changing alimony when the parties intended that it not be altered. Just as the parties may agree to the length and amount of alimony payments, they may also agree to let the court change the amount of payments. In such a case the court's action in changing the alimony is more in the nature of enforcing or executing the agreement of the parties rather than judicial modification. By this holding, we recognize that the parties to a dissolution may not desire, or be able, to plan for every possible contingency but instead may wish to agree to let the court modify the alimony in case of changes. While the finality of a dissolution agreement should normally be stressed, we believe the parties can agree to it being subject to modification. Our ruling will not serve to defeat, but rather to enhance, the consensual nature of dissolution proceedings. Thus, in case No. 12159 the trial court erred in finding that it lacked jurisdiction to terminate the alimony. The court also erred in case No. 12192 by vacating its 1983 order which increased the amount of alimony due at that time. The assignments of error are thus well-taken.

Richard's Assignment of Error 2

"The trial court improperly considered an objection to the referee's report which was not timely filed."

This assignment of error is moot.

## Summary

The judgments in case No. 12159 and case No. 12192 are reversed. The causes are remanded for further proceedings consistent with this opinion.

*Judgments reversed and causes remanded.*

BAIRD and CASTLE, JJ., concur.

CASTLE, J. retired, of the Twelfth Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.