RITTGERS, APPELLANT, *v.* RITTGERS, APPELLEE.

(No. 57 CA 85 — Decided June 11, 1986.)

*Dagger, Johnston, Ogilvie, Charles, Hampson, Deffenbaugh & Miller, Mark R. Riegel* and *Randy L. Happeney,* for appellant.

*Stebelton, Aranda & Snider* and *Gerald L. Stebelton,* for appellee.

WISE, J. This is an appeal from a judgment of the Domestic Relations Division of the Court of Common Pleas of Fairfield County, Ohio, which adopted the report of the referee concerning certain post-divorce motions. Plaintiff-appellant, Robert L. Rittgers (appellant), appeals and raises the following assignment of error:

"Assignment of Error No. I

"The trial court erred in failing to reduce the 'family maintenance' payment by an amount equal to that portion of the payment going to child support, said error constituting an abuse of discretion and reversible error."

On March 4, 1983, the parties to the present appeal were granted a divorce. At that time, they had one minor child, who was placed in the custody of defendant-appellee, Erika Mara Rittgers (appellee). The divorce decree incorporated the following agreement of the parties as to family maintenance:

"Plaintiff is ordered to pay the sum of One Hundred Twenty-Five Dollars ($125.00) per week as family maintenance for the support of wife and minor child until such time as the Defendant obtains employment at which she receives a net pay of Eighty Dollars ($80.00) or more per week, when said family maintenance allowance shall be reduced to One Hundred Dollars ($100.00) per week. At such time as wife obtains employment from which she nets One Hundred Twenty-Five Dollars ($125.00) per week, family maintenance shall terminate, and thereafter the plaintiff shall pay the sum of Fifty Dollars ($50.00) plus poundage per week as and for the support of the minor child of the parties, and all claims of the defendant for maintenance support shall terminate."

Approximately a year and a half after the divorce the minor child died. The appellant then reduced the payments he was making under the family maintenance provision, on his own accord, by $50 per week. Shortly thereafter he decided to stop making payments altogether because of his belief that appellee was earning more than $125 per week. Appellee then

filed a motion requesting the trial court to find appellant in contempt. Appellee also petitioned the trial court for an increase in maintenance payments. In response appellant filed a motion requesting the trial court to modify his support application. The referee held two hearings on these matters and issued a report which:

(1) found the appellant in contempt;

(2) overruled appellee's motion for increased support; and

(3) overruled appellant's motion to terminate family maintenance payments.

Both parties filed objections to the referee's report; nevertheless, the trial court adopted the referee's report.

Appellant assigns error to the referee's finding that the death of the minor child does not affect the appellee's entitlement to the full family maintenance payment, unless appellee begins earning more than $125 per week. Appellant argues that the family maintenance payment should be reduced by $50 per week since that was the amount intended as child support.

Both parties agree that the provision at issue was utilized to take advantage of tax benefits provided for in *Commissioner* v. *Lester* (1961), 366 U.S. 299. The *Lester* decision allowed the payor-spouse to deduct all payments for family maintenance where no portion of the amount was specifically fixed as child support. The payor-spouse may thus treat all payments as deductible, while the payee-spouse must treat all payments as income.[1]

The appellant contends that the trial court should have looked beyond the terms of the agreement and deter-mined what portion of the family maintenance payment was intended as child support. He cites *Colizoli* v. *Colizoli* (1984), 15 Ohio St. 3d 333, 15 OBR 458, 474 N.E. 2d 280, as authority. Appellant maintains *Colizoli* holds that a court reviewing a *Lester* provision must determine what portion of the family maintenance payment is child support. We disagree.

The *Colizoli* case involved a divorce decree which incorporated an agreement of the parties that the husband pay the wife, as family maintenance, certain amounts annually for twelve years. The Supreme Court held that the trial court was without jurisdiction to modify that unidentified portion of the installment payments which constituted sustenance alimony. The Supreme Court reasoned that the alimony portion could not be modified because the payments were for a specified amount over a specified number of years and the decree did not provide for the trial court's continuing jurisdiction to modify the payments. But the court held that the child support portion of the payments could be modified pursuant to R.C. 3109.05. The policy behind this distinction is obviously one of concern for the children's welfare. The children have a right to expect the same support and care they would have reasonably expected if their parents had remained married. The trial court was directed on remand to limit its modification of the decree, if any, to that portion of the payments which represented child support.

A different question is posed with respect to a modification of the family maintenance payments in the case at bar. The welfare of a child is not a con-

---

[1] The Tax Reform Act of 1984 has eliminated the use of *Lester* provisions in all divorces occurring after December 31, 1984.

cern. The Supreme Court has only allowed for a trial court to look beyond the terms of a *Lester* provision, and modify it, where such action was for the benefit of minor children.

In the case at bar, the referee found that the death of the minor child had no effect upon appellee's entitlement to the family maintenance payment. The referee reasoned that the family maintenance payment need not be reduced to reflect the child's death, because the decree did not provide for any reduction if the child became emancipated. The only way the decree provided for any change in payments was when the appellee began earning more than the specified amounts per week. Otherwise, apparently, the payments were to go on indefinitely.

In the case at bar, the parties keyed the reduction or termination of the payments only to the appellee's income level. Appellant maintains that:

"In drafting the family maintenance provision, the parties could not designate that '$50.00 goes to child support' for, if they did, the tax benefits of *Lester* would not be available."

No one disputes that this is true. Nor does appellee dispute that a portion ($50) of the family maintenance payments was considered to be child support. What appellee contends is that appellant "wants to have his cake and eat it to." We agree.

When the agreement between the parties was reached, it is clear that the appellant sought to benefit by using the *Lester* loophole to deduct all of the payment. Appellee had to declare all of the payments as ordinary income, but to her benefit these payments were to continue indefinitely as long as she didn't earn more than the agreed amount. Perhaps now appellant through hindsight wishes he had not agreed to this arrangement, but he is bound by it. We hold that the trial court did not abuse its discretion in failing to reduce the family maintenance payment. Therefore, we overrule appellant's assignment of error and affirm the judgment of the domestic relations division of the court of common pleas.

*Judgment affirmed.*

PUTMAN, P.J., and MILLIGAN, J., concur.