**KEARNS, Appellee,**

**v.**

**KEARNS, Appellant.**

[Cite as *Kearns v. Kearns* (1990), 69 Ohio App.3d 305.]

Court of Appeals of Ohio,
Summit County.

No. 14575.

Decided Sept. 5, 1990.

*E. Arthur Axner,* for appellee.

*Robert C. Hunt,* for appellant.

REECE, Presiding Judge.

This appeal presents the question of whether a divorce separation agreement specifically authorizes the modification of the amount and terms of sustenance alimony awarded therein. The trial court held that it did not and dismissed appellant's motion to terminate and/or modify alimony for lack of jurisdiction. We reverse.

## Facts

Appellant, Daniel T. Kearns, and appellee, Mary Jane Kearns, were divorced on November 6, 1989 in the Domestic Relations Court of Summit County. Prior to the entry of divorce, the parties reached an in-court settlement agreement on all issues. The agreement was read into the record and subsequently adopted by reference in the judgment entry.

In regards to alimony, the agreement states that:

"As and for alimony, for the support and maintenance of the wife, the husband shall pay to the wife, subject to further order of the Court, and for a maximum period of two and one-half years, but to terminate sooner if the wife should die or remarry, he would pay to the wife the sum of $300 per month, this sum being 30% of his net pay after mandatory deductions and his payment of child support.

"The wife agrees to notify the husband if and when she obtains employment."

Soon after the divorce, appellant discovered from an anonymous phone call that appellee had been employed for some time as a teller at Society National Bank. On December 28, 1989, appellant moved to terminate and/or modify his obligation to pay sustenance alimony due to his ex-wife's employment. The trial court denied the motion, stating that it had no jurisdiction to do otherwise.

### Assignment of Error

"The trial court erred in failing to find jurisdiction to modify sustenance alimony, where alimony was expressly made 'subject to further order of the court.'"

The single assignment of error raises the question of whether the domestic relations court properly rejected jurisdiction to modify appellant's obligation to pay sustenance alimony. Modification of sustenance alimony agreements was discussed at length in *Wolfe v. Wolfe* (1976), 46 Ohio St.2d 399, 401–419, 75 O.O.2d 474, 475–485, 350 N.E.2d 413, 416–426. Paragraph two of the syllabus held that:

"Where, upon granting a divorce, a court awards alimony to a wife, pursuant to an agreement of the parties, to be paid until the condition subsequent of remarriage or death of the wife, and such award is for her sustenance and support and independent of any award arising by adjustment of the property rights of the parties, reservation of jurisdiction to modify the award will be implied in the decree."

*Wolfe, supra,* was subsequently confined to sustenance alimony agreements for *indefinite* amounts in *Colizoli v. Colizoli* (1984), 15 Ohio St.3d 333, 15 OBR 458, 474 N.E.2d 280. In that case, the alimony payments were found by the court to be for a definite amount over a specified number of years. *Id.* at 336, 15 OBR at 460, 474 N.E.2d at 284. The court held that such bargained-for awards were not subject to judicial modification " * * * absent an express reservation of jurisdiction to do so by the decreeing court." *Id.* In *Ressler v. Ressler* (1985), 17 Ohio St.3d 17, 17 OBR 14, 476 N.E.2d 1032, the court

repeated this pronouncement. Justice Wright, writing for the majority, based this standard upon " * * * the concept that alimony decrees should possess a degree of finality and certainty." The end result was that jurisdiction to modify would be presumed only when sustenance alimony was of an indefinite and uncalculable amount.

Effective May 2, 1986, the General Assembly amended R.C. 3105.18(D). That provision now provides:

"(D) If a continuing order for periodic payments of money as alimony is entered in a divorce or dissolution of marriage action that is determined on or after May 2, 1986, the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony unless the court determines that the circumstances of either party have changed and unless one of the following applies:

"(1) In the case of a divorce, the decree or a separation agreement of the parties to the divorce that is incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony;

"(2) In the case of a dissolution of marriage, the separation agreement that is approved by the court and incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony."

Jurisdiction to modify alimony obligations may thus no longer be presumed.

In the instant appeal, a clear intention to reserve jurisdiction to modify the alimony award upon appellee's employment is apparent. Of significance is the use of the " * * * subject to further order of the Court * * * " clause *within* the body of the paragraph specifying the alimony obligations. This language cannot be discarded as mere boilerplate verbiage attached to the end of the decree. Cf. *Moore v. Moore* (Dec. 27, 1988), Warren App. No. CA88–06–051, unreported, 1988 WL 140549.

Moreover, the agreement at issue here expressly requires that appellee notify appellant when she has gained employment. Appellee has offered no explanation for the inclusion of this provision which is inconsistent with her claim that modification was never intended by the parties. Since no such rationale is apparent and the agreement expressly allows for modification in the future, the domestic relations court enjoys continuing jurisdiction to modify or terminate the sustenance alimony award depending upon appellee's state of employment.

The agreement presented here could have been drafted with the exact words of the statute to express the parties' intentions. Nevertheless, a fair reading of the agreement leaves little doubt that a modification was intended

once appellee's employment status was settled. See *Merrill v. Merrill* (1985), 26 Ohio App.3d 201, 202, 26 OBR 422, 422, 499 N.E.2d 13, 14.

Appellant's sole assignment of error is well taken and the decision of the domestic relations court is reversed. This case is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

QUILLIN and BAIRD, JJ., concur.