## Miller v. Miller
### [Cite as 7 AOA 534]

*Case No. CA90-02-018, CA90-02-021*
*Clermont County, (12th)*
*Decided October 9, 1990*

*Vernon Stiver, 501 West Loveland Avenue, Loveland, Ohio 45140, for Plaintiff/Appellant/Cross-Appellee.*

*Ernie Ramos, 210 Gwynne Building, 602 Main Street, Cincinnati, Ohio 45202, for Defendant/Appellee/Cross-Appellant.*

*Per Curiam.*
This is an appeal from a decision by the Clermont County Court of Common Pleas, Domestic Relations Division, which served to modify child support obligations arising out of a divorce decree.

The facts indicate that plaintiff/appellant/cross-appellee, Connie Miller Griggs, obtained a divorce in 1985 from defendant/appellee/cross-appellant, Stanton G. Miller, after an eleven-year marriage. The decree of divorce incorporated a settlement agreement and joint custody plan executed by the parties on December 31, 1984. The agreement provided, *inter alia,* that appellee would provide appellant and the parties' two children with family maintenance payments in the amount of $600 per month. This amount would be reduced in the event of various contingencies, among them the marriage or cohabitation of appellant. When appellant did cohabit in 1985, the payments were reduced to $400 per month as provided by the decree.

Upon a motion by appellant requesting an increase in child support, the trial court directed the matter to the referee, who recommended an increase in the weekly payments in order to achieve compliance with state child support guidelines promulgated in C.P. Sup. R. 75. Specifically, the referee recommended that appellee pay $89.38 per week per child. This amounted to an increase of the original $400 per month to a total of $774.63 per month, a difference of $374.63.

The trial court subsequently entertained objections to the report by appellee, who argued that the trial court lacked jurisdiction to modify the family maintenance provision of the prior decree; and that even if the court properly modified the decree, the increase in support should be regarded as an increase in family maintenance. The trial court determined that it did possess continuing jurisdiction to modify the support of the children, and that the full amount of the support, as modified, would be deemed family maintenance. The trial court then adopted the referee's recommendations and directed appellant to prepare a judgment entry.

Both parties have appealed from this final order. Appellant raises one assignment of error:

"THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN RULING THAT THE INCREASE IN SUPPORT SHALL BE AN INCREASE IN FAMILY MAINTENANCE."

Appellee, by cross-appeal, raises the following assignments of error:

"Assignment of Error No. 1.

"The trial court erred to the substantial prejudice of Appellee by increasing the child support order.

"Assignment of Error No. 2.

"Where the court has no authority to modify a joint custody plan wherein family maintenance is established, any additional payment for the benefit of the children is child support and not family maintenance."

Essentially, appellant argues that the entire $774 must be considered child support, not family maintenance, while appellee asserts that only the additional $374 per month is child support, assuming *arguendo* that the modification is valid. Inasmuch as the parties' assignments of error are related, we will address them together.

As reviewing court, we may not reverse a lower court's decision regarding support unless the decision is unreasonable, arbitrary, or unconscionable. *Booth v. Booth* (1989), 44 Ohio St. 3d 142, 144. In the instant case, we believe the trial court appropriately found that it had the ability to modify the award pursuant to Child Support Guidelines set forth in C.P. Sup. R. 75. However, we find the trial court unreasonably concluded that the modified amount was to continue to be designated as family maintenance, and so abused its discretion.

Clearly, the trial court has the ability to modify any portion of a "family maintenance" provision which may be designated as child support. *Colizoli v. Colizoli* (1984), 15 Ohio St. 3d 333, 335-336. We find the philosophy allowing such modification where custody is awarded to one parent applies equally under a joint custody plan.

In doing so, we disagree with appellee's assertion that provisions in R.C. 3109.04 allowing for adoption of a joint custody arrangement do not permit the modification of child support without the consent of both parents. Although R.C. 3109.04(D) states that "a plan for joint custody shall include provisions ... covering factors such as ... child support obligations ...", we reject the notion that this statute prevents the trial court from Clermont modifying child support as necessary.

Instead, we rely on the policy enunciated in *Colizoli, supra,* and upon C.P. Sup. R. 75(VIII). Under that rule, the trial court is obligated to "consider the philosophy herein contained when approving joint custody plans." That philosophy states that "the child should receive the same proportion of parental income that he or she would have received if the parents lived together." C.P. Sup. R. 75(I).

Of added persuasive value, we note that the Child Support Guidelines promulgated under C.P. Sup. R. 75 have recently been repealed to be replaced by Amended Substitute House Bill No. 591, the preamble to which states that its purpose is to "require the Guidelines to be used in joint custody cases." This clearly indicates an intent by the legislature to give children cared for jointly the same child support advantages as children subject to single parent custody. We believe the above analysis contradicts the view that a trial court is not permitted to modify child support in a joint custody situation absent the consent of both parents.

Appellee additionally argues that he was not given the opportunity to present evidence of factors relevant to the motion to increase support which he argues would have rebutted the necessity of modification. We find that appellee had ample opportunity to object in writing to the referee's recommendation and in fact, did present objections on other grounds. Thus, appellee has failed to show that his interests were not protected by any action or omission in the court below.

Appellant argues that the trial court should have considered the entire amount to be child support and not family maintenance, once appellant's cohabitation had reduced the original amount. According to appellant, the occurrence of the contingency set forth in the family maintenance agreement changed the nature of the payments from being a combination of alimony and child support to merely being child support. Therefore, the trial court could not simply rule that the increase in support, undertaken under child support guidelines, was actually an increase in family maintenance. Appellee counters that only the $374 could be deemed child support, and urges that the $400 payable under the original family maintenance plan remained as family maintenance. The trial court determined that the full amount after modification could be designated as family maintenance. We are inclined to agree with appellant on this issue.

Clearly, under the terms of the agreement, once appellant cohabited or remarried, a reduction in "family maintenance" would occur. The trial court properly found that "because a portion of the payment can be associated with

a contingency relating to the wife, the remaining unconditioned portion of the payment is for the needs of the children. " Thus, it is incongruous for the court, on the next page of its decision, to declare the entire amount of the support payments to be "an increase in family maintenance." We attribute the discrepancy to the court's desire to maintain tax benefits to appellee where the amounts paid are characterized as family maintenance rather than as child support. We do not believe the trial court was within its discretion in modifying amounts it clearly believed were child support, then calling them family maintenance for tax purposes.

Because we determine the entire amount of the modified payments were child support, we sustain appellant's assignment of error and overrule appellee's assignments of error in his cross-appeal. We thus conclude that the entire amount of support ordered payable in compliance with the Child Support Guidelines must be considered child support, as argued by appellant.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and this cause is remanded for further proceedings according to law and not inconsistent with this decision.

JONES, P.J., KOEHLER and YOUNG, J.J., concur.