OPINION.
Appellant, Josephine Neff Taylor, and appellee, Jeffrey L. Taylor, obtained a dissolution of marriage in February 1984. The decree of dissolution specifically incorporated the terms of a separation agreement entered into by the parties. In the agreement, appellant received custody of the parties' minor children, and appellee agreed to make family-maintenance payments of $2,000 per month to appellant until certain specified conditions occurred. These family-maintenance payments were in lieu of separate payments for child support and spousal support, and were designed to provide appellee with tax benefits. SeeCommr. of Internal Revenue v. Lester (1961), 366 U.S. 299,81 S.Ct. 1343.
In 1986, the parties entered into a written agreement entitled "Modification of Separation Agreement," which was never filed with or approved by the domestic relations court. The reasons for the agreement were that appellee's yearly salary had been substantially reduced and that the parties had agreed to change their custody arrangement to joint custody. Under the agreement, appellee was to pay family maintenance of $1,576.66 per month until his salary rose a certain amount, at which time the payments would be increased up to a cap of $4,000 per month. The parties acknowledged that this agreement was never followed to the letter, and that they made various oral modifications.
In May 1997, appellant filed a motion to enforce the family-maintenance provisions originally set forth in the decree of dissolution. She contended that she was entitled to a lump-sum judgment for the arrearage appellee had accumulated because of his failure to pay the amount specified in the decree. The domestic relations court denied her motion, holding that appellant had voluntarily entered into a binding contract that did not abrogate future support or otherwise violate public policy. The court adopted as orders of the court all post-decree contractual modifications of the separation agreement.
In her sole assignment of error, appellant contends that the trial court erred in denying her claim for a lump-sum judgment and by failing to follow the law regarding modification of support payments. We agree with appellant's assertion that the parties to a separation agreement may not abrogate the right of a minor child to be supported by either parent. In re Dissolution of Marriageof Lazor (1991), 59 Ohio St.3d 201, 572 N.E.2d 66, paragraph one of the syllabus; Orefice v. Orefice (Dec. 19, 1996), Cuyahoga App. No. 70602, unreported. But a spouse can relieve himself or herself from liability to the other spouse for support of the child by an agreement in which the support is not terminated or abandoned but is instead redistributed from one parent to another.Hill v. Hill (Mar. 15, 1996), Montgomery App. No. 15081, unreported; Crow v. Crow (Apr. 16, 1990), Butler App. No. CA89-06-087, unreported. Consequently, an agreement between former spouses for consideration made subsequent to and different from an order of the court is binding in an action to recover unpaid installments of a court's support order. Rhoades v.Rhoades (1974), 40 Ohio App.2d 559, 560-561, 321 N.E.2d 242,244-245; Crow, supra; Cottrell v. Cottrell (Nov. 22, 1985), Lucas App. No. L-85-139, unreported.
This is not a case where the obligor spouse simply announced that he would pay less than that which he was already required to pay. See Rhoades, supra, at 561-562, 321 N.E.2d at 245. The parties voluntarily entered into an agreement that was supported by consideration and did not abrogate future support. At the time appellant entered into the agreement, she was represented by legal counsel. But the parties agreed not to submit the modification for court approval to save costs. Appellant acknowledged that appellee never missed a payment pursuant to the parties' agreement and subsequent modifications, and that he has paid approximately $250,000 in support over the years. See Drake v. Gozdan (July 9, 1997), Wayne App. No. 96-CA-0050, unreported. She sought only to recover retroactive support. The parties' children were adequately cared for during the periods in question and were not deprived of support as the result of the modifications. Under the circumstances, we cannot hold that the trial court's decision to enforce the agreement and to deny appellant's motion for a lump-sum judgment on that basis was so arbitrary, unreasonable or unconscionable as to connote an abuse of discretion. Booth v.Booth (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028, 1030;Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 218,450 N.E.2d 1140, 1142. See, also, Nelson v. Nelson (1990),65 Ohio App.3d 800, 804-805, 585 N.E.2d 502, 504-505.
Appellant contends that the domestic relations court did not have jurisdiction to modify the family-maintenance provisions of the decree. The domestic relations court always retained jurisdiction to modify that part of the family-maintenance payment that constituted child support. Colizoli v. Colizoli (1984),15 Ohio St.3d 333, 334-335, 474 N.E.2d 280, 283. Further, the separation agreement incorporated into the decree contained an express reservation of jurisdiction to modify the family-maintenance provisions in their entirety, so the court also had jurisdiction to modify that portion of the family-maintenance payment that constituted spousal support. R.C. 3105.18(E);Kirkwood v. Kirkwood (Sept. 4, 1996), Hamilton App. No. C-950940, unreported; Nutter v. Nutter (Nov. 2, 1988), Hamilton App. No. C-870706, unreported. We reject appellant's claim that the trial court was required to find that a change of circumstances had occurred under the facts of this case. The question of whether a court may modify support payments upon a finding of a change of circumstances is not presented here. That question is entirely different than and irrelevant to the issue of whether the court may enforce an extrajudicial agreement between the parties. Consequently, we hold that the trial court did not err in denying appellant's motion for a lump-sum judgment, and we overrule her sole assignment of error.
Judgment affirmed.
 Painter and Winkler, JJ., concur.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Opinion.