OPINION
Appellant, Patti Link, n.k.a. Patti Erixson, appeals from a judgment issued by the Lake County Court of Common Pleas, Domestic Relations Division, which terminated appellee Norman Link's obligation to pay spousal support.
The parties were granted a final decree of divorce on April 5, 1996. In the divorce decree, appellee was ordered to pay spousal support to appellant in the amount of $350 per month for a period of four years beginning on October 1, 1995; however, the spousal support was to terminate earlier upon "wife's death, husband's death, upon wife's remarriage or assuming a status of cohabitation the equivalent of marriage."
On March 9, 1998, appellee filed a motion to terminate spousal support, alleging that appellant had assumed a status of cohabitation equivalent to marriage. A magistrate heard the matter and filed her decision on July 17, 1998, in which she recommended that appellee's motion to terminate spousal support be granted. The magistrate also made the following findings and conclusions of law:
 "29. The Magistrate finds that commencing 1/10/98, Mr. Lukianowicz assumed plaintiff's financial support. Plaintiff used his residence to receive mail, and a place to entertain her children. She has the use of the entire premises and while she and Mr. Lukianowicz may sleep in separate bedrooms and do not have sexual relations, they have voluntarily undertaken a living arrangement, and maintained a social relationship which includes traveling together, that does support a finding of cohabitation."
 "a. The Judgment Entry of Divorce of 5/5/96, provided for termination of spousal support upon plaintiff assuming a status of cohabitation, the equivalent of marriage. Thus, the Court has jurisdiction to terminate spousal support upon the happening of that event. See Ressler v. Ressler (1985), 17 Ohio St.3d 17. Cohabitation may be established upon a showing of 1) An actual living together, 2) Of sustained duration, 3) With shared expenses with respect to financing and day to day incidental expenses. Moell v. Moell (1994), 98 Ohio App.3d 748. In this case, Mr. Lukianowicz pays all the expenses with respect to financing the day to day living of both he and plaintiff, as plaintiff pays only her car insurance and storage unit expenses. Plaintiff's one payment of $300.00 in June, is insufficient evidence to conclude that they have a strictly business arrangement.
 "c. * * * [T]he magistrate concludes that defendant has presented sufficient evidence to support a termination of plaintiff's spousal support as of 7/10/98.
Appellant filed objections to the magistrate's decision, alleging that:
 the magistrate's decision was against the manifest weight of the evidence;
 the magistrate erred by finding that Mr. Lukianowicz assumed financial responsibility for appellant;
 the decision of the magistrate discriminates against women because it does not allow men to help women who are having financial problems;
 the magistrate's decision violates the equal protection clauses of the United States Constitution and the Ohio Constitution; and
 the court does not have the jurisdiction to terminate spousal support that predates the filing of the motion to terminate.
On October 6, 1998, the trial court overruled appellant's objections, adopted the magistrate's decision, and ordered that appellee's obligation to pay spousal support be terminated as of January 10, 1998. From this judgment, appellant assigns the following error:
 "Whether or not the trial court erred when it granted the appellee's motion to terminate spousal support."
In her sole assignment of error, appellant contends that the trial court's findings of fact do not support the legal conclusion that she had assumed a status of cohabitation that was the equivalent of marriage and that the trial court's decision was against the manifest weight of the evidence. Although appellant asserts that whether a party has assumed a status of cohabitation is a legal conclusion, this court has held that "[w]hether a certain living arrangement should be classified as `cohabitation' or `a status equivalent to marriage,' is primarily a factual question to be determined by the trial court." Farone v. Farone
(Sept. 15, 1995), Lake App. No. 94-L-058, unreported, citingDickerson v. Dickerson (1993), 87 Ohio App.3d 848, 851,623 N.E.2d 237. Because appellant's appeal relates solely to questions of fact and she failed to comply with Civ.R. 53(E)(3)(b), we cannot determine whether the facts in this case support a finding that appellant had assumed a status of cohabitation equivalent to marriage.
Civ.R. 53(E)(3)(b) provides that "* * * [a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. * * *" In the instant case, appellant failed to file a transcript of the magistrate's hearing or an affidavit with the trial court. InDintino v. Dintino (Dec. 31, 1997), Trumbull App. No. 97-T-0047, unreported, this court held that when a party fails to file a transcript or an affidavit with her objections in the trial court, "[t]he objecting party is * * * precluded from arguing factual determinations upon appeal. As a result, appellant is barred from challenging the magistrate's factual findings in this appeal because she failed to provide the trial court with a proper record of the magisterial proceedings."
Appellant failed to file a transcript or an affidavit with her objections in the trial court; therefore, she is precluded from arguing that the facts do not support a finding that she had assumed a status of cohabitation equivalent to marriage. Because we must accept the trial court's findings of fact, we cannot say that the trial court erred by terminating appellant's spousal support.
For the foregoing reasons, the judgment of the Lake County Court of Common Pleas, Domestic Relations Division, is affirmed.
 _______________________ JUDGE ROBERT A. NADER
FORD, P.J, O'NEILL, J., concur.