JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Carolyn Moore appeals the trial court's denial of her motion for modification of spousal support. Finding no merit to the appeal, we affirm.
 {¶ 2} Carolyn Moore ("Carolyn") and Robert Moore ("Robert") were divorced on December 9, 1992. The parties had previously entered into an in-court agreement which was incorporated into the court's judgment entry of divorce. Because Robert was unemployed at the time of the divorce, the parties agreed that:
"It is expressly provided that this court reserve jurisdiction as tothe issue of spousal support. Husband is under an order duty [sic] toprovide Carolyn Moore, at marital residence, current employment status andpay every sixty (60) days commencing from the date of divorce."
 {¶ 3} On August 26, 1993, almost nine months after the divorce was finalized, Carolyn filed a motion to establish spousal support. The court conducted a hearing and granted the motion in August 1994. The court's order provided:
"It is ordered, that pltf's motion to establish spousal support # 23244is hereby grtd. Deft is ordered to pay $550 per month thru the CSEA plus2% statutory fee as spousal support for pltf for a period of 72 monthssubject to the continuing jurisdiction of this court * * *"
 {¶ 4} The court's order also provided that the award of spousal support was effective as of August 26, 1993, the date Carolyn filed the motion to establish spousal support. Thus, the court's order provided spousal support to Carolyn for a period of six years beginning on August 26, 1993.
 {¶ 5} On March 3, 2000, Carolyn filed a motion to modify spousal support. Carolyn also simultaneously filed a motion to show cause and a motion for attorney fees which are not at issue in this appeal. In the affidavit attached to the motion, Carolyn alleged that circumstances had changed since the court's order was journalized, warranting a modification in the amount of spousal support.
 {¶ 6} On August 28, 2002, an evidentiary hearing was commenced on the motion but not concluded. After numerous continuances, the trial court dismissed Carolyn's motion in February 2003 because it no longer had jurisdiction to modify the spousal support order. The court's order of dismissal stated:
"The court on its own motion, hereby dismisses pltf's motion to modifyspousal support. Court does not have continuing jurisdiction to modify aspousal support order where the order was for a fixed duration of time andwhere pltf filed her motion to modify order after the fixed duration hasexpired."
 {¶ 7} Carolyn raises two assignments of error on appeal.
 Jurisdiction {¶ 8} In her first assignment of error, Carolyn argues that the trial court erred in denying her motion for modification of spousal support when jurisdiction was reserved by the trial court. Robert argues that the court's continuing jurisdiction was limited to the fixed period of time provided in the spousal support order, which was 72 months. Robert asserts that once the 72 months had passed, the court lost jurisdiction to issue any further orders with regard to spousal support.
 {¶ 9} In Ressler v. Ressler (1985), 17 Ohio St.3d 17, syllabus, the Ohio Supreme Court held that a trial court's limited retention of jurisdiction to terminate spousal support, which was for a definite period and amount, on the occurrence of certain events, did not confer upon the trial court a general power to modify spousal support unless the power to modify was expressly reserved. The policy behind the limited retention of jurisdiction is the desire that awards of spousal support possess a degree of finality and certainty. Ressler, supra.
 {¶ 10} The rule announced in Ressler has now been codified in R.C. 3105.18(E), which provides, in pertinent part:
"* * * the court that enters the decree of divorce or dissolution ofmarriage does not have jurisdiction to modify the amount or terms of thealimony or spousal support unless the court determines that thecircumstances of either party have changed and unless one of thefollowing applies:
 In the case of a divorce, the decree or separation agreement of theparties to the divorce that is incorporated into the decree contains aprovision specifically authorizing the court to modify the amount or termsof alimony or spousal support."
 {¶ 11} In the instant case, the court's order awarding spousal support expressly states that the award of spousal support is for a period of 72 months, subject to the continuing jurisdiction of the court. Carolyn argues that if the court wished to limit its retention of jurisdiction to the original period of the award, it should have made such an intention clear in its order. Carolyn concludes that because the court's order does not expressly state that its jurisdiction is limited to the 72-month period, the court's jurisdiction over that order was unlimited. We disagree.
 {¶ 12} As previously mentioned, R.C. 3105.18(E) was modified for the purpose of providing finality and certainty to spousal support awards. Further, if the court retained jurisdiction indefinitely, there would be no need to include a term of months for the award of spousal support. Therefore, it follows that unless the court expressly retains jurisdiction beyond the fixed period, jurisdiction to modify the order is lost when the order expires. Moreover, once the order expired, there no longer existed an order that could be modified.
 {¶ 13} Here, the court's order does not contain any language that could arguably constitute an express reservation of jurisdiction to extend beyond the duration of the award. Carolyn filed her motion for modification of spousal support almost six months after the term of the original spousal support order had expired. Therefore, the trial court correctly found that it had no jurisdiction to modify the spousal support order.
 {¶ 14} Accordingly, the first assignment of error is overruled.
 Dismissal Without Conclusion of Hearing {¶ 15} In her second assignment of error, Carolyn argues the trial court erred when it dismissed her motion prior to the conclusion of evidence. However, because we find the first assignment of error dispositive of this appeal, the second assignment of error is overruled as moot.
 {¶ 16} The judgment is affirmed.
Judgment affirmed.
Ann Dyke, P.J., and Diane Karpinski, J., concur.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.