OPINION
Michaele A. Grevey appeals from an order modifying the amount of spousal support payable by her former husband, Norman G. Grevey.
Norman[1] filed a complaint in June 1985 seeking a divorce from Michaele, his spouse of thirty-three years. After responsive pleadings were filed, the causes and claims for relief were heard on February 11, 1986. The trial court entered its decision on those matters on or about February 25, 1986. The terms of the decision were reduced to a decree of divorce that was entered and filed on May 2, 1986. The decree of divorce stated that Norman shall pay $300 per week to Michaele as and for spousal support. The court did not state in the decree that it reserved jurisdiction to modify the spousal support order.
Norman suffered a stroke in 1995 that diminished his ability to earn an income as a practicing attorney. He moved to modify the spousal support order, citing his income reduction as a change of circumstances that favored modification. Michaele opposed the request, arguing that the trial court lacked jurisdiction to grant the relief requested, pursuant to R.C.3105.18(E)(1), because it had failed to reserve that jurisdiction in its spousal support order. The trial court overruled the objection, and on the basis of the evidence presented it ordered Norman's support obligation reduced to $100 per week until April 1997, after which it would terminate entirely. Michaele filed a timely notice of appeal and now presents three assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION.
In Wolfe v. Wolfe (1976), 46 Ohio St.2d 399, the Supreme Court held that when payment of spousal support is ordered pursuant to an agreement of the parties, and is payable until the remarriage or death of the obligee, a reservation of jurisdiction to modify the award will be implied in the decree. Thereafter, and perhaps in reaction to Wolfe, the General Assembly enacted the provision that now appears at R.C. 3105.18(E), and which states, inter alia:
 If a continuing order for periodic payments of money as alimony is entered in a divorce or dissolution of marriage action that is determined on or after May 2, 1986, and before January 1, 1991, or if a continuing order for periodic payments of money as spousal support is entered in a divorce or dissolution of marriage action that is determined on or after January 1, 1991, the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed and unless one of the following applies:
 (1) In the case of a divorce, the decree or a separation agreement of the parties to the divorce that is incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support.
The decree of divorce in which Norman was ordered to pay spousal support to Michaele was entered and filed on May 2, 1986. The decree contains no provision specifically authorizing the court to modify that order.
In rejecting Michaele's objection and finding that it had jurisdiction to modify its spousal support award, the trial court referred to and relied on its decision that was rendered on or about February 25, 1986, on the issues presented in Norman's complaint for divorce. Curiously, that decision is not a part of the record below and no mention is made of it in the certified copy of the docket and journal entries filed by the clerk pursuant to App.R. 10(B). However, no objection is made that a decision was not written or that it was not filed on or about February 25, 1986. Therefore, we shall assume that it was for purposes of the issue presented.
In overruling Michaele's objection to Norman's motion to modify spousal support, the trial court construed R.C. 3105.18(E)(1), and stated:
 A close reading of the statute results in this Court's opinion that the terms of the statute are not so clear and unambiguous as Defendant claims. The statute does not say if a continuing order for periodic payments of money as alimony is entered on or after May 2, 1986, the Court does not have jurisdiction unless same is specifically retained. The statute says:
 [i]f a continuing order for periodic payments of money as alimony is entered in a divorce or dissolution marriage action that is determined on or after May 2, 1986 * * * (emphasis added) the court does not have jurisdiction to modify the award unless same is specifically retained. In the Court's opinion the phrase "that is determined" is meant to deal with precisely the situation at hand, otherwise the phrase has no meaning and/or use within the context of the remaining language.
 The entitlement to sustenance alimony was determined before May 2, 1986 (on or about 2/25/86) when the Decision was rendered. Even though said determination could have been modified by the court at any time prior to the filing of a confirming entry (as Defendant's counsel argues) the determination was not so modified. The award was entered on or after May 2, 1986, in a case that was determined before May 2, 1986.
 In the absence of the phrase "that is determined" Defendant's argument would likely result in dismissal of Plaintiff's motion. Such an unconscionable (under the facts of this case) result is not required by the Statute and in fact it is the Court's finding that the statute was drafted as it was in an effort to avoid such a result. The terms "determined" and "entered" are not synonymous and in a statute that seeks to define the transition from "old" law to the "new" law, such terms and how they are used became critical, especially so within the contest of a system where there is typically a lapse of time between the determination of issues (decision) and the confirmation of same (the entry).
We do not agree with the trial court's analysis or the result that it reached. The jurisdictional limitation in R.C.3105.18(E)-(1) is imposed on any order for spousal support that is entered in an action for divorce determined on or after May 2, 1986. Thus, the critical point in time is the date on which this action was determined, not the date on which the order for support that the motion seeks to modify was entered and filed in the action.
An action is a proceeding in law or equity, and it is determined when the claims for relief which invoke the court's jurisdiction at the commencement of the action are denied or granted, along with an order for relief, in a final judgment rendered by the court that terminates its jurisdiction. The trial court's decision on the claims for relief that was filed on or about February 25, 1986 fails to satisfy that definition. The decision was interlocutory in character as it could be modified by the court at any time before a final order was entered, and in that respect the decision determined neither the action nor the claims for relief in it. The order that determined the action in those respects was the decree of divorce. Therefore, the action was determined on May 2, 1986, when the decree was entered, and no order for the periodic payment of spousal support entered in the action may be modified subsequently unless it contains the provision required by R.C. 3105.18(E)(1). Accord, Johnson v. Johnson (1993), 88 Ohio App.3d 329 and Dickson v. Dickson (1991),74 Ohio App.3d 70.
Because the order for spousal support that Norman's motion seeks to modify that was entered in the decree does not contain the provision required by R.C. 3105.18(E)(1) for modification of the terms or amount of spousal support orders, the trial court was without jurisdiction to hear and determine the motion or grant the relief sought. The first assignment of error is sustained.
Assignment of Error No. 2:
 THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING APPELLEE'S MOTION FOR REDUCTION AND/OR CESSATION OF ALIMONY BECAUSE APPELLEE'S CHANGE IN CIRCUMSTANCES DO NOT JUSTIFY TERMINATION OR REDUCTION OF HIS SUSTENANCE ALIMONY OBLIGATION.
The error prosecuted in this assignment is rendered moot by our resolution of the first assignment. Therefore, pursuant to App.R. 12(A)(1)(c), we decline to decide the second assignment of error.
Assignment of Error No. 3:
 THE TRIAL COURT ABUSED ITS DISCRETION IN TERMINATING APPELLANT'S ALIMONY AWARD WITHOUT RESERVING JURISDICTION TO REINSTATE THE AWARD BASED UPON A CHANGE IN CIRCUMSTANCES AFTER THE TERMINATION DATE.
In addition to modifying Norman's current support obligation by reducing it from $300 to $100 weekly, the trial court ordered the obligation terminated entirely as of April 1997, after which Norman will no longer receive income from disability insurance. Though the relief granted by the court is termination, its order operates as a modification of the terms of spousal support order that was a part of the decree of May 2, 1986. That order may not be modified as to its terms absent the reservation of jurisdiction required by R.C. 3105.18(E)(1). Because no reservation of jurisdiction was made, the trial court erred when it terminated Norman's spousal support obligation.
The third assignment of error is sustained.
Assignment of Error No. 4:
 THE TRIAL COURT ERRED IN COMPUTING THE AMOUNT APPELLEE IS IN ARREARS FOR PAYMENT OF ALIMONY.
A hearing on Norman's motion for modification was held on February 28, 1996. Michaele testified that the last $300 weekly alimony payment she received from Norman was for the period through the third week in October 1995. When it reduced Norman's obligation to $100 per week, the court found that he was then in arrears on the $300 weekly obligation, and it ordered him to pay $300 weekly "from the date he ceased paying the $300 in 1995, which was at or about November 1, 1995," through March 22, 1996, when his reduced obligation commenced.
Michaele argues that the court's finding and order deprives her of the $300 support she was due for the fourth week in October 1995. We do not agree. The payment due on November 1, 1995 that the court ordered Norman to make was for the period immediately preceding, which was the fourth week in October. Michaele loses nothing in the process.
The fourth assignment of error is overruled.
 Conclusion
Having sustained the first and third assignments of error, we shall reverse the order entered by the trial court on May 28, 1996, to the extent that it modified the trial court's prior order that Norman Grevey pay spousal support to Michaele Grevey in the amount of $300 weekly and to the extent that it terminated his spousal support obligation beginning in April of 1997. The order of May 28, 1996, is affirmed to the extent that it ordered Norman Grevey to pay an arrearage owed in his spousal support obligation to Michaele Grevey.
WOLFF, P.J., and FAIN, J., concur.
Wolff, P.J., of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), of the Ohio Constitution.
Fain, J., of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), of the Ohio Constitution.
Grady, J., of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), of the Ohio Constitution.
[1] For purposes of economy, the parties will be identified by their first names.