MEINKE, APPELLANT, *v.*
MEINKE, APPELLEE.

(No. L-88-146—Decided
February 10, 1989.)

*Henry B. Herschel,* for appellant.
*Jude T. Aubry,* for appellee.

HANDWORK, P.J.   This case is
before the court on an appeal from the
Lucas County Court of Common Pleas,
Domestic Relations Division.

The parties were divorced in 1983.
At that time, the trial court awarded
sustenance alimony to the appellant,
Doris A. Meinke, in the amount of $800
per month for a period of five years, or
until her death, remarriage or further
order of the court. Mrs. Meinke ap-
pealed to this court stating that the
award of alimony should have been
larger. This court agreed, and in our
decision and journal entry, *Meinke* v.
*Meinke* (July 22, 1983), Lucas App. No.
L-83-109, unreported, we modified the
alimony award as follows at 3:

"* * * [W]e modify the judgment
of the trial court and award appellant
$1,200.00 per month for five years, or
until her death, remarriage *or further
order of the Domestic Court.* Should ap-
pellant become gainfully employed at a
salary in excess of what she was mak-
ing at the time of the decree, the trial
court may, upon proper motion and
evidence, reduce that award." (Em-
phasis added.)

Two months before the end of the
five-year term, appellant filed a motion
to modify alimony. She requested an
increase in the amount and an exten-
sion of the period of alimony past the
original five-year limit. This motion
was denied by the trial court. The trial
court stated that the appellate court's
judgment entry language, "until * * *
further order of the Domestic Court,"
reserved jurisdiction to modify the

alimony award only within the original
five-year period, but not beyond that
time.

Mrs. Meinke appeals from that
decision with one assignment of error,
which states:

"The trial court erred as a matter
of law in interpreting the court of ap-
peals' award for alimony as limiting
the trial court's jurisdiction to modify
alimony as to amount and term of
years only within the five (5) year
period."

The rule governing when an award
of sustenance alimony is modifiable is
set forth in *Ressler* v. *Ressler* (1985), 17
Ohio St. 3d 17, 17 OBR 14, 476 N.E. 2d
1032, syllabus:

"A decreeing court does not have
continuing jurisdiction to modify a
sustenance alimony award that was
made for a fixed period of years even
though the award is subject to termina-
tion in the event of death, remarriage
or cohabitation *unless the decreeing
court expressly reserves jurisdiction to
modify.*" (Emphasis added.)

Appellee Dean L. Meinke argues,
and the lower court held, that the
reservation of jurisdiction in the in-
stant case, "until * * * further order of
the Domestic Court," expressly re-
serves jurisdiction to modify the ali-
mony only within the original five-year
period. We disagree. Further order of
the court means further order of the
court. If a trial court wishes to reserve
jurisdiction to modify a sustenance
alimony award only within the original
period of the award, it must expressly
state that intention. See, for example,
*Kenney* v. *Kenney* (Jan. 21, 1988),
Huron C.P. No. 47809, unreported,
where the court stated:

"It is further Ordered, Adjudged
and Decreed that specific jurisdiction
shall be and hereby is reserved to
modify the amount and terms of the
awards of rehabilitative alimony pro-
vided in this judgment during the

respective terms (periods) provided, and *no more.* R.C. 3105.18(D)(1)."

Appellee also relies on this court's prior decisions in *Mattoni* v. *Mattoni* (Feb. 22, 1980), Lucas App. No. L-79-129, unreported *(Mattoni I)*, and *Mattoni* v. *Mattoni* (Sept. 30, 1986), Lucas App. No. L-85-285, unreported *(Mattoni II)*, to support his position. In *Mattoni I* this court modified the trial court's alimony award and stated:

" 'At the end of five years from the date of the judgment entry, without the necessity of showing a change in circumstances, the matter of the alimony award shall, on motion of either party, be reconsidered for such modification as the trial court may deem proper at that time.' " *(Quoted in Mattoni II* at 3.)

In *Mattoni II* at 13, we held that the above quote from *Mattoni I* "constitutes an express reservation of jurisdiction to modify the original five year alimony award granted. Consequently, it was entirely within the jurisdiction of the trial court to order alimony beyond the original five year award." *Mattoni II* at 13.

In *Mattoni II,* we did not hold, however, that this was the *only* language which would reserve such jurisdiction.

Appellee further argues that the reservation of jurisdiction in the instant case cannot be interpreted to include the power to modify the alimony award after the five-year term has ended because this court added the sentence, "[s]hould appellant become gainfully employed at a salary in excess of what she was making at the time of the decree, the * * * court may, upon proper motion and evidence, reduce that award," after the words, "until * * * further order of the Domestic Court." Appellant contends that the addition of this sentence "make[s] no sense" if jurisdiction to modify the alimony award beyond the five years was retained. We find that the addition of this sentence, being advisory only, does nothing to change the complete reservation of jurisdiction to modify the sustenance alimony award.

Thus, we hold that when a court awards sustenance alimony for a number of years or "until * * * further order of the * * * Court," that court has expressly retained jurisdiction to modify both the amount of the alimony and the length of time the alimony is to be paid. Accord *Purpura* v. *Purpura* (1986), 33 Ohio App. 3d 237, 515 N.E. 2d 27. Accordingly, we find appellant's sole assignment of error well-taken.

On consideration whereof, the court finds substantial justice has not been done the party complaining and the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division is reversed. This cause is remanded to said court for further proceedings not inconsistent with this opinion. It is ordered that appellee pay the court costs of this appeal.

*Judgment reversed*
*and cause remanded.*

CONNORS and GLASSER, JJ., concur.