KOPICH, n.k.a. Herschede, Appellee,

v.

KOPICH, Appellant.

[Cite as *Kopich v. Kopich* (1998), 126 Ohio App.3d 332.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–970175.

Decided March 13, 1998.

*William A. Busemeyer Co., L.P.A.,* and *William A. Busemeyer,* for appellee.

*Strauss & Troy Co., L.P.A.,* and *William S. Abernethy, Jr.,* for appellant.

---

*Per Curiam.*

The defendant-appellant Frank J. Kopich ("Kopich") appeals from the order of the trial court approving the decision of the magistrate that the trial court did not retain jurisdiction to modify the amount of spousal support Kopich was obligated to pay his ex-wife, the defendant-appellee, Thale Kopich. The spousal support obligation was contained in a separation agreement incorporated into the Kopiches' divorce decree. In his sole assignment of error, Kopich argues that the trial court's conclusion that it did not have jurisdiction was in error based upon this court's decision in *Kirkwood v. Kirkwood* (Sept. 4, 1996), Hamilton App. No. C–950940, unreported, 1996 WL 496947, discretionary appeal not allowed (1997), 77 Ohio St.3d 1526, 674 N.E.2d 376. We agree and thus reverse.[1]

Kopich's spousal support obligation under the terms of the separation agreement is for a fixed duration. Although other provisions in the separation agreement contain language expressly retaining jurisdiction in the trial court, the spousal support provision does not. However, the last paragraph of the divorce decree, which incorporates the separation agreement, contains the following language just above the trial judge's signature: "ALL UNTIL FURTHER ORDER OF THIS COURT."

The Ohio Supreme Court has held that a decreeing court does not have continuing jurisdiction to modify a spousal support award of fixed duration unless the decreeing court expressly reserves such jurisdiction. *Ressler v. Ressler* (1985), 17 Ohio St.3d 17, 17 OBR 14, 476 N.E.2d 1032. In *Kirkwood, supra,* this court held that the language "ALL UNTIL FURTHER ORDER OF THIS COURT," appearing at the end of a divorce decree, was sufficient under *Ressler* to reserve jurisdiction to modify spousal support. This construction was premised upon the lack of any other purpose for that language, since the jurisdiction of the court with respect to all other matters covered by the decree and separation agreement (child support, visitation, and property division) was controlled by statute. In *Kirkwood,* we expressly rejected any requirement that the reserving language be in proximity to the language regarding spousal support.

Thale Kopich argues that *Kirkwood* was wrongly decided. As we acknowledged in *Kirkwood,* the Warren County Court of Appeals reached a contrary result in *Moore v. Moore* (Dec. 27, 1988), Warren App. No. CA88–06–051,

---

1. We have *sua sponte* removed this case from the accelerated calendar.

unreported, 1988 WL 140549. Our decision in *Kirkwood*, however, was consistent with the Cuyahoga and Franklin County Courts of Appeals in *Stack v. Stack* (Nov. 18, 1993), Cuyahoga App. No. 64114, unreported, 1993 WL 483593, and *Stadelman–Wells v. Wells* (Apr. 20, 1995), Franklin App. No. 94APF09–1361, unreported, 1995 WL 238419. Though either position is defensible, because *Kirkwood* has been the law in this district and parties have had the opportunity to order their affairs consistent with it, and because we believe that the bright-line rule it provides is necessary to avoid inconsistent results, we choose not to overrule *Kirkwood* here.

Thale Kopich next seeks to distinguish *Kirkwood* upon the basis that the separation agreement here dealt with certain financial matters expressly made subject to the trial court's continuing jurisdiction. She argues that the language "ALL UNTIL FURTHER ORDER OF THIS COURT" should therefore be construed as referring only to those specific provisions and not the provision dealing with spousal support, which contains no such express reservation. We are not persuaded by this construction, however, since it reduces "ALL UNTIL FURTHER ORDER OF THIS COURT" to unnecessary surplusage while denying the word "ALL" its ordinary meaning.

Accordingly, the assignment of error is found to be well taken, the order of the trial court is reversed, and this cause is remanded for further proceedings in accordance with law.

And the court, being of the opinion that there were reasonable grounds for this appeal, allows no penalty. It is further ordered that costs be taxed in compliance with App.R. 24, that a copy of this memorandum decision and judgment entry shall constitute the mandate, and that the mandate shall be sent to the trial court for execution pursuant to App.R. 27.

*Judgment reversed*
*and cause remanded.*

PAINTER, P.J., DOAN and GORMAN, JJ., concur.