DECISION AND JUDGMENT ENTRY
This is an appeal from the December 14, 1999 judgment of the Sandusky County Court of Common Pleas, Domestic Relations Division, which granted appellee, Linda L. Hasselbach, a continuation of spousal support. Appellant, John E. Hasselbach, appeals the decision of the trial court on the basis that it failed to retain continuing jurisdiction to modify the spousal support. For the reasons that follow, we affirm the decision of the trial court.
The parties were granted a divorce on July 9, 1992. In the trial court's judgment entry — divorce decree, the trial court awarded appellee spousal support in the amount of $50 per week, plus poundage, until May 29, 1997. By interlineation, the following language was written into the typed paragraph concerning spousal support: "The court retains jurisdiction over the issue of spousal support." This addition was initialed by all counsel.
On May 21, 1997, upon motion by appellee to review and/or modify the spousal support order, the trial court ordered that spousal support be increased to $60 per week, plus poundage, to be paid by appellant for one hundred four weeks. The trial court again stated in its judgment, "[T]he Court retains jurisdiction over the matter of spousal support."
On May 11, 1999, appellee filed a second motion to review and/or modify spousal support. Appellant objected to appellee's motion on the basis that the trial court's retention of jurisdiction did not comply with the requirements set forth in Ressler v. Ressler (1985), 17 Ohio St.3d 17, and R.C. 3105.18(E)(1). On August 18, 1999, appellant additionally filed a motion to vacate the May 21, 1997 judgment on the basis that the trial court lacked jurisdiction to review its prior decision.
On December 14, 1999, the trial court held that spousal support should continue for another one hundred four weeks, after which the court would further review it. The trial court did not specifically deny appellant's motion to vacate on the basis of lack of jurisdiction; however, the trial court stated, "* * * the Court continues to reserve jurisdiction over the issue."
Appellant appealed the decision of the trial court and states the following as his assignments of error:
"STATEMENT OF ASSIGNMENT OF ERROR
 "1. The trial court erred when it sustained Plaintiff-Appellee's second motion of Linda L. Hasselbach to modify the spousal support * * * previously ordered in this cause and rendered judgment increasing the period that Defendant-Appellant is required to pay spousal support by 104 weeks which order deprived Defendant-Appellant of property without due process of law.
 "2. The trial court erred when it failed to sustain the motion of Defendant-Appellant to vacate the judgment heretofore filed in this case on May 21, 1997 * * * which modified the spousal support ordered in the judgment filed on July 9, 1992 * * * which order deprived Defendant-Appellant of property without due process of law for the reason the court did not have subject matter jurisdiction to modify the prior support order filed on July 9, 1992."
The basis of appellant's appeal is that the trial court failed to retain jurisdiction to modify its 1992 award of spousal support.
In Ressler v. Ressler (1985), 17 Ohio St.3d 17, syllabus, the Ohio Supreme Court stated:
 "A decreeing court does not have continuing jurisdiction to modify a sustenance alimony award that was made for a fixed period of years even though the award is subject to termination in the event of death, remarriage or cohabitation unless the decreeing court expressly reserves jurisdiction to modify."
The Ohio Supreme Court did not specifically state the language that was to be used by the trial court to retain jurisdiction to modify. Additionally, we note that R.C. 3105.18(E)(1)(E), relied upon by appellant, applies to "a continuing order for periodic payments of money as spousal support." This case, however, concerns spousal support that terminated on a specific date. As such, we find R.C. 3105.18(E) is inapplicable to the case at hand. See Keck v. Keck (Aug. 10, 2000), Mahoning App. No. 98 CA 247, unreported.
Appellate courts have held that the trial court expressly reserved jurisdiction to modify spousal support with a variety of phrases, e.g., "all until further order of this court", Kopich v. Kopich (1998),126 Ohio App.3d 332, and _Kirkwood v. Kirkwood (Sept. 4, 1996), Hamilton App. No. C-950940, unreported; "subject to further order of the court",Kearns v. Kearns (1990), 69 Ohio App.3d 305; and "until further order of the court", Meinke v. Meinke (1989), 56 Ohio App.3d 171.
Based on the language employed by the trial court in this case, we find that the trial court expressly reserved jurisdiction to modify the award of spousal support. Accordingly, appellant's assignments of error are found not well-taken.
On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Sandusky County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the court costs of this appeal.
Melvin L. Resnick, J., James R. Sherck, J. Richard W. Knepper, P.J., JUDGES CONCUR.
 ____________________________ JUDGE