DECISION AND JUDGMENT ENTRY
{¶ 1} Petitioner-Appellant Harry Richards, Jr., appeals the decision of the Jackson County Court of Common Pleas, which denied his motion to modify spousal support. Appellant asserts that the trial court erred by finding it lacked jurisdiction to grant the motion, by failing to conduct a hearing on the motion, and by denying the motion.
 {¶ 2} For the reasons that follow, we disagree with appellant's assertions and affirm the judgment of the trial court.
 The Proceedings Below I. The Dissolution {¶ 3} In February 1998, Petitioner-Appellee Mary Louise Richards and Petitioner-Appellant Harry Richards, Jr., filed a petition for dissolution of their marriage. Along with the petition, the parties filed a separation agreement that provided for the division of their property, an equal division of appellant's pension, and spousal support. Appellant also filed an acknowledgment and waiver of his right to counsel.
 {¶ 4} The spousal support provision of the agreement provided that appellant would pay appellee $400 per month in spousal support. That amount was to decrease to $200 per month when appellant retired from his place of employment.
 {¶ 5} In March 1998, a final dissolution hearing was held in the Jackson County Court of Common Pleas. The outcome of that hearing was journalized in a decree of dissolution of marriage on May 1, 1998. The court's decree dissolved the parties' marriage and incorporated the settlement agreement.
 II. Appellant's Motion to Modify Spousal Support {¶ 6} In September 2000, appellant filed a motion to modify spousal support. In his motion, appellant stated that his health had deteriorated, causing him to retire. He sought to have the court terminate the $200 per month in spousal support being withdrawn from his social security checks. Appellant also asserted that appellee no longer needed spousal support and that he was unable to meet his own needs under the current support provision.
 {¶ 7} Appellee filed her motion contra appellant's motion to modify spousal support, asserting that the trial court lacked jurisdiction to grant appellant's motion to modify spousal support. Appellee asserted that R.C. 3105.18(E) prohibited the trial court from modifying the agreement as to spousal support because the agreement lacked a provision authorizing the court to do so.
 {¶ 8} Appellant responded by filing another memorandum asserting that the separation agreement did contain a provision authorizing the trial court to modify the spousal support agreement. Appellant specifically relied on the final sentence of the decree of dissolution, which states, "All until further ORDER of this court." (Emphasis sic.).
 {¶ 9} Appellee then filed a brief delineating her position on the issue of whether the trial court had jurisdiction to grant appellant's motion to modify spousal support. Subsequently, appellant filed an amended motion to modify spousal support along with a memorandum in support of that motion.
 {¶ 10} On October 11, 2001, a magistrate's decision was filed. The magistrate found that the court was not authorized to modify the spousal support agreement. Accordingly, the magistrate overruled appellant's motion.
 {¶ 11} Subsequently, appellant filed his objections to the magistrate's decision, asserting once again that the court had jurisdiction to modify the spousal support agreement.
 {¶ 12} Thereafter, the trial court overruled appellant's objections to the magistrate's decision and adopted that decision denying appellant's motion to modify spousal support.
 The Appeal {¶ 13} Appellant timely filed his notice of appeal and presents the following assignments of error for our review.
 {¶ 14} First Assignment of Error: "The trial court erred to the prejudice of the Petitioner-Appellant and abused its discretion in adopting the magistrate's decision and overruling the Petitioner-Appellant's amended motion to modify spousal support for the reason that the trial court does have continuing jurisdiction to terminate the spousal support award contained in the decree of divorce in this action."
 {¶ 15} Second Assignment of Error: "The trial court erred to the prejudice of the Petitioner-Appellant and abused its discretion in adopting the magistrate's decision and overruling the Petitioner-Appellant's amended motion to modify spousal support without affording the Petitioner-Appellant an oral hearing upon said motion, and in so doing denied the Petitioner-Appellant his constitutoinal [sic] right to due process of law."
 {¶ 16} Third Assignment of Error: "The trial court erred to the prejudice of the Petitioner-Appellant and abused its discretion in overruling the Petitioner-Appellant's amended motion to modify spousal support, there having been no finding at the time of issuance of the decree of dissolution of marriage that the petitioners understood the terms and provisions of the separation agreement and decree of dissolution of marriage, or that the terms and provisions thereof were fair and equitable, or that the petitioners were satisfied therewith, nor does the decree of dissolution of marriage expressly ratify the separation."
 I. Jurisdiction to Modify Spousal Support {¶ 17} Appellant's First Assignment of Error asserts that the trial court erred by denying his motion on the basis that it lacked jurisdiction to modify the spousal support agreement. This amounts to a determination of whether the trial court had subject-matter jurisdiction over appellant's motion. See Keck v. Keck (Aug. 10, 2000), 7th Dist. No. 98CA247. We review the determination of subject-matter jurisdiction de novo, without any deference to the trial court's determination. SeeSwayne v. Newman (1998), 131 Ohio App.3d 793, 723 N.E.2d 1117, citingMcClure v. McClure (1997), 119 Ohio App.3d 76, 694 N.E.2d 515.
 {¶ 18} The issue of whether a trial court has jurisdiction to modify a previous award of continuing spousal support is governed by R.C. 3105.18(E). R.C. 3105.18(E) provides in part:
 {¶ 19} "If a continuing order for periodic payments of money as * * * spousal support is entered in a * * * dissolution of marriage action that is determined on or after January 1, 1991, the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction
to modify the amount or terms of the * * * spousal support unless the court determines that the circumstances of either party have changed and unless one of the following applies: * * * In the case of a dissolution of marriage, the separation agreement that is approved by the court and incorporated into the decree contains a provision specifically
authorizing the court to modify the amount or terms of alimony or spousal support." (Emphasis added.) R.C. 3105.18(E)(2).
 {¶ 20} Appellant contends that the phrase, "All until further order of this Court," contained at the end of his dissolution decree satisfies the specific authorization requirement codified in R.C.3105.18(E)(2). In support of his position, appellant directs this Court's attention to several cases from other jurisdictions: Kirkwood v.Kirkwood (Sept. 4, 1996), 1st Dist. No. C-950940; Kopich v. Kopich
(1998), 126 Ohio App.3d 332, 710 N.E.2d 350; Stack v. Stack (Nov. 18, 1993), 8th Dist. No. 64114; and Stadleman-Wells v. Wells (Apr. 20, 1995), 10th Dist. No. 94APF09-1361.
 {¶ 21} As a preliminary matter, three of the cases that appellant cites, Kirkwood , Kopich , and Stack , do not concern the applicability of R.C. 3105.18(E). By its very terms, R.C. 3105.18(E) only applies tocontinuing orders for periodic payments, such as the one for spousal support at issue in the case sub judice. Kirkwood , Kopich , and Stack
dealt with situations where the spousal support or alimony was to end on a specified date. In fact, all three cases specifically recognize that R.C. 3105.18(E) did not govern the issues presented in those cases. Reliance on these cases is, therefore, misplaced.
 A. Stadleman-Wells v. Wells {¶ 22} On the other hand, Wells does concern the applicability of R.C. 3105.18(E). In Wells , the Tenth District Court of Appeals noted that several Ohio courts have held that when the phrases, "subject to further order of the court" and "until further order of the court," are contained directly within the provision expressing the spousal support obligation, they constitute an express reservation of jurisdiction to modify spousal support. See Wells , supra. In so noting, the Wells court cited several decisions including: Kearns v. Kearns (1990),69 Ohio App.3d 305, 590 N.E.2d 797; Meinke v. Meinke (1989),56 Ohio App.3d 171, 565 N.E.2d 875; Stack , supra; and Sparks v. Sparks
(Aug. 12, 1993), Scioto App. No. 92CA2104.[1] However, Wells went on to hold that there is no requirement in the statute that the language reserving jurisdiction be contained in the spousal support provision itself. See Wells , supra.
 {¶ 23} The Wells court concluded that the language found in that case, "this Agreement is, however, subject to review and modification and to further Order of this Court," which was a separate provision located at the end of the decree, reserved the trial court's jurisdiction to modify the spousal support award. See Wells , supra. The Wells decision noted that the only financial provision in the agreement that could be subject to the court's reservation of jurisdiction was the provision for spousal support. See id. In reaching that conclusion, the court explained that child support is always subject to a trial court's continuing jurisdiction pursuant to R.C. 3105.65(B) and property divisions are not subject to future modification under R.C. 3105.171(I). See id. Accordingly, in order to give meaning to the entire agreement, including the challenged provision, the court held that the trial court's jurisdiction was retained to modify the spousal support provision. See id.
 B. The Dissent in Wells {¶ 24} In his dissent from the majority opinion, Judge Tyack noted his concern that the "application of the rationale in the majority opinion would virtually make all spousal support and alimony orders modifiable by, in effect, reading the word "specifically" out of R.C.3105.18." See Wells , supra (Tyack, J. dissenting). Judge Tyack noted that the parties included in their spousal support agreement, "a set of conditions under which alimony or spousal support could be terminated." Thus, pursuant to the Latin legal maxim "inclusio unius est exclusio alterius,"[2] Judge Tyack reasoned that the parties' inclusion of specific conditions under which spousal support could be terminated excluded any retention of jurisdiction for reasons other then those specifically set forth in the agreement.
 C. The Case Sub Judice {¶ 25} In the case sub judice, the language at issue is very similar to that presented for the court's consideration in Wells . Also, the language is found at the end of the decree of dissolution as inWells . Further, as was the case in Wells , the spousal support provision is arguably the only provision in the agreement to which the language at issue could apply.
 {¶ 26} However, we agree with Judge Tyack's dissent in Wells . The phrase "all until further order of this court" is insufficient to retain jurisdiction in the trial court regarding the issue of spousal support, pursuant to R.C. 3105.18(E). We base our decision on the same rationale employed by Judge Tyack.
 {¶ 27} The parties in the present action agreed to the provisions found in the separation agreement. The spousal support agreement included a specific condition, which when met, would reduce the amount of spousal support to be paid by appellant to appellee. The inclusion of this specific provision for jurisdiction to modify the spousal support acts to exclude all other bases of jurisdiction.
 {¶ 28} We are unconvinced that the general verbiage found at the end of the separation agreement is a "specific" retention of jurisdiction over spousal support by the trial court, even if it arguably applies to only one provision in the agreement. To find otherwise would extend jurisdiction over spousal support provisions where none was ever intended.
 {¶ 29} Accordingly, we overrule appellant's First Assignment of Error.
 II. Hearing on Motion to Modify Spousal Support {¶ 30} In his Second Assignment of Error, appellant asserts that the trial court erred by not holding a hearing on the issue of whether the court had jurisdiction to grant appellant's motion to modify spousal support.
However, appellant has utterly failed to show how he was prejudiced by the trial court's decision not to conduct a hearing on the issue of jurisdiction. Accordingly, even if we were to find that the trial court erred by not conducting a hearing, any such error would be harmless, especially in light of our previous finding that the trial court's determination concerning jurisdiction was correct. See Millstein v.Millstein (Sept. 12, 2002), 8th Dist. Nos. 79617, 79754, 80184, 80185, 80186, 80187, 80188, 80963, 2002-Ohio-4783 (finding harmless a trial court's decision to not hold a hearing before modifying a party's child support obligations).
 {¶ 31} Accordingly, we overrule appellant's Second Assignment of Error.
 III. Approval of the Separation Agreement
In his final assignment of error, appellant asserts that the trial court erred by not conducting an inquiry and determining whether the parties understood the separation agreement when it was entered into in February 1998. Appellant relies on R.C. 3105.64 and 3105.65 to support his argument.
We refuse to consider this assignment of error because it assigns as error alleged omissions by the trial court arising from the original dissolution action in 1998. The time within which to appeal the trial court's original judgment granting the dissolution and adopting the separation has long since expired. See App.R. 4. Furthermore, appellant's action sub judice was a motion to modify spousal support not a Civ.R. 60(B) motion.
Appellant's Third Assignment of Error is overruled.
 IV. Conclusion {¶ 32} Accordingly, we overrule appellant's assignments of error in toto and affirm the judgment of the trial court.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
Harsha, J., and Kline, J.: Concur in Judgment and Opinion.
[1] We note that these cases cited by the Wells court relied almost exclusively on the location of the specific authorization language within the spousal support provision. This reliance renders these decisions easily distinguishable from the case sub judice, where the phrase "all until further order of this court" occurs at the end of the dissolution decree and not in the spousal support provision itself. See Wells andKeck , supra.
[2] This Latin maxim is also termed, "expressio unius est exclusio alterius," and is loosely translated as "the inclusion of one excludes alternatives." See Black's Law Dictionary (7 Ed. 1999) 602.