**Watkins v. Watkins**
*[Cite as 6 AOA 197]*

*Case No. H-89-44*
*Huron County, (6th)*
*Decided August 31, 1990*

*Barry W. Vermeeren, for Appellee.*

*Dennis P. Levin, for Appellant.*

This case involves an appeal from the August 16, 1989 journal entry of the Huron County Court of Common Pleas, Juvenile Division, whereby the court terminated its award of sustenance alimony to Tina Watkins, appellant, and denied her request for a change of custody.

Appellant brought this appeal to this court asserting the following assignments of error:

1. "The trial court erred in terminating the alimony award and in failing to adopt the order of the Sixth District Court of Appeals entered on May 5, 1989 in Case No. H-88-26.

2. "The Judgment of the trial court that appellant [sic] 'failed to show a change of circumstances in the custodial parent sufficient to warrant a change of custody' is contrary to law as well as being an abuse of the court's discretion.

3. "The trial court abused its discretion in denying appellant's motion requesting psychological evaluations of the parties, the minor children of the parties and the parties' live-in companions.

4. "The trial court erred in failing to rule on appellant's [sic] alternative motion for modification of visitation."

In 1987, appellee, Michael Watkins, filed a complaint in the Huron County Court of Common Pleas, Domestic Relations Division, seeking a divorce, division of marital assets, and custody of the children born of his marriage to appellant.

The court certified the case to the juvenile court for resolution. On July 1, 1988, appellee was granted a divorce, the marital property was divided, custody was granted to appellee, and appellee was ordered to pay sustenance alimony to appellant in the amount of $100 per week for one year (or until appellant became self-supporting, died, or remarried), retaining jurisdiction to review appellant's need for sustenance alimony for the following two years. Appellant appealed from the July 1, 1988 order and also from the August 2, 1988 order of the court which denied appellant's motion for a new trial. On appeal this court upheld the granting of the divorce but found that the alimony award of $100 per week constituted an abuse of discretion in this case. In accordance with App. R. 12(B), we then entered the following judgment in this case on behalf of the trial court:

"The defendant is awarded rehabilitative alimony in the amount of $200 per week for a period of one year, beginning on July 1, 1988, with the court retaining jurisdiction to review such alimony for a period of two additional years. Rehabilitative alimony shall terminate on the earlier of the following events:

"a. defendant becoming capable of or obtaining gainful employment sufficient to support herself;

"b. death of the defendant;

"c. or remarriage."

The language quoted above was identical to that used by the trial court except for the substitution of $200 for $100. We also upheld the court's denial of appellant's motion for a new trial.

On June 12, 1989, appellant filed a motion with the trial court seeking to modify the court's prior custody order or, in the alternative, to modify the visitation order to increase appellant's visitation rights. On June 15, 1989, a hearing was scheduled for August 14, 1989. However, on June 19, 1989, the hearing date was rescheduled for August 7, 1989. On August 3, 1989, appellant filed a motion to review the alimony award, seeking to have the court, pursuant to our decision of July 1, 1988, review the alimony award and order additional sustenance alimony for two more years. On August 3, 1989, appellant filed a motion with the trial court requesting that the parties and their children be psychologically tested and evaluated in order to determine whether emotional and psychological harm would result to the children by the denial of appellant's request for a change of custody and

to determine the best interests of the children with regard to custody and visitation. Appellant also moved on August 3, 1989, to have the children interviewed by the court at the hearing.

The court held a hearing on August 7, 1989. Relating to the issues of whether custody should be changed, the following testimony was elicited. Appellee testified that he now lives with his girlfriend and her two children (ages three and four). He stated that his children sometimes disliked the girlfriend and her children and have expressed a desire to live with their mother. He testified, regarding their school performance, that each had gotten a "D" this past year. The grade cards admitted into evidence indicated that the average performance for the year was slightly above average. He testified regarding the medical care of the children, that he did not notice when the children had scabies, but that he administered the medication provided by appellant. Also, he testified that he did treat the children for a poison ivy rash just prior to a visitation with appellant. He also admitted that the children were aware that he and his girlfriend showered together and that the children did not like it, but he denied that the children had ever seen or heard anything else. He also testified that he provided the children with proper clothing. Regarding altercations between his girlfriend and appellant, appellee testified that appellant was the aggressor on all occasions.

Appellant's boyfriend testified that he had lived with her off and on for the last nine months because she could not afford to live on her own. He testified that before custody was changed, the children were more open and talkative, and that they are now more subdued and will not open up. When it is time for the children to return to their father, the boyfriend testified that the children would fight the change and become depressed. He also testified that he observed a decline in their school performance from "A-B" students to "C-D" students. He testified that the children arrived for visitation with little clothing, and that it was in poor condition. He also testified that they had once brought knives with them in their pockets. He also testified with regard to the altercations between appellant and appellee's girlfriend, stating that appellee's girlfriend was always the aggressor.

Appellant testified that the children were "A-B" students and that they had declined to average students with "C" and "D" grades. She also testified that the altercations between her and appellee's girlfriend were initiated by appellee's girlfriend. She testified that one of her daughters brought from appellee's home a rolling paper that is used to roll marijuana cigarettes. She testified that she had taken the children for treatment for scabies, poison ivy, and an earache, all of which she believes were severe cases that had not been properly treated. She testified that the children became withdrawn when they had to be returned to their father's household.

Finally, a mental health professional of the Firelands Hospital testified regarding her counseling contacts with the children since January 1, 1989, which were designed to help them adjust to the divorce. She testified that the children were responding normally to the adjustment even though they appeared to be on an emotional roller coaster. She stated that they have begun to adjust to living with their father. She also testified that the school performance of the children has declined and improved at various times, but that this was typical for children of divorce. Her greatest concern was that the relationship between the oldest child and the mother was reversed, with the child consoling the mother rather than vice versa. She also indicated that the children did not like living with appellee's girlfriend most of the time, and that they liked the boyfriend of appellant. The oldest child indicated to the counselor that she would like to live with her mom, but the youngest has never decided. The counselor indicated that the children had referred to their father's smoking of marijuana in the past, but not recently. She also had heard the children complain of appellee and his girlfriend showering together.

Several writings of the children were introduced into evidence wherein the children indicated that they wanted to live with their mother, that they had seen appellee's girlfriend expose herself, that they had heard appellee and his girlfriend in the shower, and that they disliked the other children. The counselor was disturbed with some of the writings, but would not comment further without knowing the circumstances under which the letters were written.

The court then conducted a cursory interview of the children in chambers but did not elicit any relevant evidence from them.

The court concluded from the evidence presented that appellant had been living with another man since December 1, 1988, who supported her for the prior nine months. Therefore, the court terminated appellant's alimony as of December 1, 1988, and calculated that $4,400 in alimony was due for the period from July 1, 1988

to December 1, 1988 (twenty-two weeks times $200 per week). The court also calculated that appellee had paid $5,600 for that period. The court concluded that no alimony arrearage existed. The court further held that appellant had failed to demonstrate any change of circumstances in the custodial parent sufficient to warrant a change in custody." Therefore, the court denied appellant's motion for a change of custody.

With regard to appellant's first assignment of error, the order awarding appellant sustenance alimony for one year, commencing July 1, 1988, was not modifiable by the court. The order indicated that the alimony obligation would terminate prior to the end of the fixed period only if appellant became self-supporting, died, or remarried. No reservation was made for continuing jurisdiction to modify the award. Appellant's cohabitation was, therefore, irrelevant, and the trial court lacked jurisdiction to modify the order. *Ressler v. Ressler* (1985), 17 Ohio St. 3d 17, at the syllabus.

The court did, however, retain jurisdiction to consider whether appellant's sustenance alimony should continue for an additional two years. However, with regard to this issue, no evidence was presented as to the financial situation of appellant. It appears that the court determined that no sustenance alimony was necessary because appellant was cohabitating with another person. However, this is an improper ground for denying the continuance of sustenance alimony. *Wolfe v. Wolfe* (1976), 46 Ohio St. 2d 399, paragraph one of the syllabus. See, also, *Stevens v. Stevens* (1986), 23 Ohio St. 3d 115, 120-122, and *Cherry v. Cherry* (1981), 66 Ohio St. 2d 348, 358. Instead, the court should have determined whether appellant is in need of financial support. *Id.* See, also, *Wolfe v. Wolfe, supra,* at 420-421.

Wherefore, we find appellant's first assignment of error well-taken.

In her second assignment of error, appellant urges that the evidence supported a finding of a change in circumstances significant enough to warrant a change of custody. Furthermore, appellant argues that the court erred by not considering whether a change in custody would be in the best interests of the children.

Modification of a child custody order due to a change in circumstances is a discretionary matter for the court limited only by R.C. 3109.04(B) (1), which reads as follows:

"(B)(1) Except as provided in division (B)(2) of this section, the court shall not modify a prior custody decree unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his custodian, or either joint custodian, and that the modification is necessary to serve the best interests of the child. In applying these standards, the court shall retain the custodian or both of the joint custodians designated by the prior decree, unless one of the following applies:

"(a) The custodian or both joint custodians agree to a change in custody.

"(b) The child, with the consent of the custodian or of both joint custodians, has been integrated into the family of the person seeking custody.

"(c) The child's present environment endangers significantly his physical health or his mental, moral or emotional development and the harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."

In determining the best interest of a child, the court is guided by the factors enumerated in R.C. 3109.04(C), which reads as follows:

"(C) In determining the best interest of a child pursuant to this section, whether an original award of custody or modification of custody, the court shall consider all relevant factors, including:

"(1) The wishes of the child's parents regarding his custody;

"(2) The wishes of the child regarding his custody if he is eleven years of age or older;

"(3) The child's interaction and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interests;

"(4) The child's adjustment to his home, school, and community;

"(5) The mental and physical health of all persons involved in the situation."

On appeal, we must determine whether the trial court abused its discretion in deciding the motion to change custody. *Booth v. Booth* (1989), 44 Ohio St. 3d 142, 144, and *Miller v. Miller* (1988), 37 Ohio St. 3d 71, 74. An "abuse of discretion" connotes more than an error of judgment, we must determine whether the trial court's judgment was unreasonable, arbitrary, or unconscionable. *Booth v. Booth, supra.*

Upon a review of the evidence, we find that there was insufficient evidence to support a finding that there was a change in the circum-

stances regarding the children to warrant a change of custody. The counselor testified that fluctuations in emotions and school grades are typical responses to a divorce of the child's parents. Furthermore, there is insufficient evidence to support a finding of a change of circumstances with regard to appellee. There was some testimony that appellant's girlfriend lives with him, along with her two children. However, there was also testimony that the children sometimes liked the situation and sometimes did not. However, the counselor and appellant testified that the children are adapting to this relationship. Since appellant also lives with her boyfriend, the children would be faced with a similar relationship in her home as wells With regard to the testimony of appellant and the writings of the children which indicate that appellee's girlfriend had exposed herself in front of the children and that appellee smokes marijuana, the trial court alone must determine the credibility of appellant's testimony and the evidentiary value to be given to the writings of the children when the circumstances under which they were written were not disclosed. We also find that there is insufficient evidence to substantiate that the present environment of the children presents a danger to their well-being. Furthermore, since the evidence indicates that the children are adjusting to their environment and do get along with their father, there is nothing in the record to suggest that the best interests of the children warrant a change of custody. We find that the lower court did not abuse its discretion by denying appellant's motion to modify custody.

Wherefore, we find appellant's second assignment of error not well-taken.

In her third assignment of error, appellant argues that the court abused its discretion by not granting her motion for psychological evaluation of the parties and children. Since the motion was filed four days prior to the August 7, 1989 hearing, the court denied the motion as untimely filed. Appellant had been notified of the hearing on June 19, 1989.

R.C. 3109.04(A) permits a court to investigate the parties and children by way of psychological evaluations to aid it in its determination of the custodial parent of the child. Such report must be made available to either party not less than five days before trial. Inasmuch as the court may consider the mental health of the parties to determine the best interests of the children, and must determine whether the present environment endangers the mental or emotional develop-

ment of the children, we find that the court may also order psychological evaluations regarding the modification of custody. However, the court is not required to conduct such investigations. See *Stone v. Stone* (1983), 9 Ohio App. 3d 6, 10-11.

Inasmuch as appellant filed her motion a few days before trial and there were no specific allegations set forth which would justify a continuation of the hearing for purposes of conducting an investigation, we find that the trial court did not abuse its discretion by denying appellant's motion for psychological evaluations.

We therefore find appellant's third assignment of error not well-taken.

In her fourth assignment of error, appellant alleges that the court erred by not considering the issue of whether visitation should be modified in this case as an alternative to a change of custody. No evidence was presented at the hearing as to this issue, and appellant did not specify what modification was sought. Since the court did not address this motion in its journal entry, we find appellant's fourth assignment of error well-taken.

Wherefore, we find that some prejudicial error has occurred below, and we therefore reverse the judgment of the Huron County Court of Common Pleas, Juvenile Division, in part, and affirm in part. The decision is reversed insofar as it (1) terminated appellant's sustenance alimony for the period of December 1, 1988 through June 30, 1989, (2) denied appellant's motion for a continuation of sustenance alimony without obtaining evidence to determine appellant's financial need for support for the next two years, and (3) failed to rule on appellant's motion for a modification of her visitation rights. In all other respects, the decision is affirmed. The case is remanded to the lower court for further proceedings not inconsistent with this decision. Pursuant to App. R. 24, appellee is hereby ordered to pay the court costs incurred in connection with this appeal.

HANDWORK, P.J., GLASSER, J., RESNICK, J., concur