OPINION
{¶ 1} This is an appeal from a final judgment and decree of divorce.
FIRST ASSIGNMENT OF ERROR
 {¶ 2} "THE AMOUNT AND DURATION OF THE SPOUSAL SUPPORT AWARDED BY THE TRIAL COURT WAS AN ABUSE OF DISCRETION." *Page 2 
 {¶ 3} The case was tried to a magistrate, who filed a decision ordering Appellant, Daniel J. Rief, to pay Appellee, Marcia S. Rief, spousal support at the rate of $900 per month for ten years. Daniel[1]
objected to the spousal support order. The court overruled the objection and adopted the magistrate's decision.
 {¶ 4} R.C. 3105.18 governs awards of spousal support. Division (C)(1)(a)-(n) sets out factors which, when the matter concerned is relevant, the court must consider in deciding whether to award spousal support and, if the court does, the amount and duration of the support ordered.
 {¶ 5} The parties were married for twenty-four years, and Marcia earns substantially less than Daniel. He concedes that some support is warranted, though less than the court ordered. Daniel argues that the court erred because it failed to explain why it arrived at the amount and duration of spousal support it ordered him to pay.
 {¶ 6} "In allocating property between the parties to a divorce and in making an award of sustenance alimony, the trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine *Page 3 
that the award is fair, equitable, and in accordance with the law."Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, 97.
 {¶ 7} In Kaechele, the domestic relations court divided the parties' marital property and awarded spousal support, but failed to divide a contingent, future bonus to which the former husband could be entitled for work he performed during the marriage. The future and contingent character of the payment caused the domestic relations court to fail to classify the bonus as a marital asset or consider it as income for purposes of spousal support. The Supreme Court held that the domestic relations court should have done either, and ought to have divided the asset "by simply allocating a percentage of the bonus payments to each of the parties if and when the bonus payments are made." Id., p. 97, n. 2.
 {¶ 8} The concern in Kaechele was the domestic relations court's failure to classify a marital asset and divide it. That is different from the proposition Daniel presents, which is that the court failed to explain the basis of its spousal support award in sufficient detail.
 {¶ 9} The magistrate addressed each of the R.C. 3105.18(C)(1) factors that apply in the present case and the evidence relevant to those factors. We are able to glean from the magistrate's discussion the weight he gave to each, and on *Page 4 
that basis we conclude that no abuse of discretion is demonstrated in the spousal support award that was ordered.
 {¶ 10} The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 11} "THE COURT ERRED BY USING SEVERAL DIFFERENT VALUATION DATES WHEN DIVIDING UP THE MARITAL ASSETS."
 {¶ 12} Daniel complains that, having adopted a date other than the date of the final hearing to value several financial assets, per R.C.3105.171(A)(2)(a) and (b), the court abused its discretion in adopting values for those assets as of varying dates in each instance which are different from the date of the parties' prior separation.
 {¶ 13} The domestic relations court may adopt a date for determining the value of marital property other than the date of the final hearing if the court finds doing that would be more "equitable." If a party wishes the court to do that, the party must (1) identify the other date, (2) show why its use would be more equitable, and (3) offer evidence of the value of assets to be divided on or about that date.
 {¶ 14} Daniel failed to offer sufficient evidence showing the value of the assets in question as of the separation date. That failure waives any error in the trial court's adoption of different values, based on evidence that was offered. *Page 5 
Plain error is not demonstrated. See, Goldfuss v. Davidson(1997),79 Ohio St.3d 116.
 {¶ 15} The second assignment of error is overruled. The judgment of the trial court will be affirmed.
WOLFF, P.J. and FAIN, J., concur.
[1] For clarity and convenience, the parties are identified by their first names. *Page 1