[Cite as *Cummings v. Cummings*, 2015-Ohio-3686.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

JOSEPHINE T. CUMMINGS         :
                                      :

    Plaintiff-Appellee/            :    C.A. CASE NO. 26594
    Cross-Appellant              :

                                        :    T.C. NO. 05DR696
v.                                 :

                                        :    (Civil appeal from Common
RANDALL M. CUMMINGS       :     Pleas Court, Domestic Relations)

                                        :
    Defendant-Appellant/       :
    Cross-Appellee             :

                                        :

. . . . . . . . . . .

**O P I N I O N**

Rendered on the     11th     day of     September     , 2015.

. . . . . . . . . .

CHARLES D. LOWE, Atty, Reg. No. 0033209, 8087 Washington Village Drive, Suite 102, Dayton, Ohio 45458
      Attorney for Plaintiff-Appellee/Cross-Appellant

CRAIG M. SAMS, Atty. Reg. No. 0089716, 130 W. Second Street, Suite 840, Dayton, Ohio 45402
      Attorney for Defendant-Appellant/Cross-Appellee

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant/cross-appellee Randall M. Cummings appeals the judgment of the Montgomery County Court of Common Pleas, Domestic Relations Division, adopting in part and modifying in part the magistrate's decision awarding

plaintiff-appellee/cross-appellant Josephine T. Cummings spousal support in the amount of $2,200.00 per month, retroactive to February 6, 2014, the date on which Josephine filed her motion for an award of spousal support. The trial court ordered Randall to pay an additional $300.00 per month for the spousal support arrearage dating back to February 6, 2014. Further, the trial court ordered Randall to pay $850.00 in spousal support for the month of January of 2014. Finally, the trial court ordered Randall to pay $350.00 of Josephine's attorney fees. Randall filed a timely notice of appeal with this Court on February 23, 2015. Josephine filed a timely notice of cross-appeal with this Court on March 3, 2015.

{¶ 2} Randall and Josephine were married on July 1, 1977, in Olongapo, Philippines. The parties had three children as a result of the marriage. The parties separated in late April of 2005. On May 25, 2005, Josephine filed a complaint for divorce. At the time that the complaint was filed, Randall was unemployed. On November 25, 2005, the parties agreed that Randall would pay a temporary spousal award of approximately $850.00 per month until he was able to find employment. Thereafter, the award could be modified. The record established that Randall made the temporary spousal support payments directly to Josephine from January of 2006 through December of 2013 which totaled approximately $72,000.00.

{¶ 3} On January 26, 2007, a Final Judgment and Decree of Divorce was filed, thereby terminating the marriage. At the time that the parties divorced, all the children were emancipated. The divorce decree contained an equitable distribution of marital assets whereby Josephine received approximately $30,000.00 from the sale of the marital residence, as well as retirement accounts totaling approximately $117,000.00.

Significantly, the divorce decree did not contain a spousal support award because Randall was unemployed when the parties divorced. Neither party appealed the terms of the divorce decree.

{¶ 4} With respect to spousal support, the divorce decree stated the following:

> **Spousal Support.** The Court shall retain jurisdiction over the issue of the amount of spousal support, but not the term, until earlier of (1) death of either party; (2) the remarriage of the Wife or (3) the Wife attaining the age of sixty-five.
>
> Wife has been advised that Husband has no life insurance.
>
> There is no current order of spousal support, solely as a result of Husband's current temporary unemployment.
>
> A Seek Work Order shall issue. Counsel for each party shall initiate status checks on Husband's employment status every three months.

{¶ 5} On February 6, 2014, Josephine filed a motion for an award of spousal support, a motion to add Wright-Patt Credit Union (WPCU) as a third party, and a motion for temporary restraining orders regarding Randall's ability to withdraw funds from his financial accounts at WPCU. WPCU was subsequently added as a third party, and the trial court granted the temporary restraining orders.

{¶ 6} In her motion, Josephine argued that Randall had moved to Minnesota before the divorce was finalized and was able to secure full-time employment shortly thereafter which he failed to disclose to the trial court. In fact, employment records submitted by Randall establish that he earned $50,585.33 in 2007; $74,040.21 in 2008; $74,169.00 in 2009; $74,837.18 in 2010; $73,789.89 in 2011; $83,769.22 in 2012; and

$90,337.82 in 2013. Randall never informed the trial court that he secured employment for purposes of a permanent spousal support award. However, Josephine did not avail herself of her right to monitor or investigate Randall's employment status pursuant to the express language in the final divorce decree. Nevertheless, Randall continued to pay Josephine $850.00 per month without a court order to do so and Josephine continued to accept the monthly payment.

{¶ 7} A hearing on Josephine's motion for spousal support was scheduled to be held before the magistrate on May 14, 2014. The magistrate heard testimony from Randall, Josephine, and one of the parties' adult daughters, J.C. Following the hearing, Josephine filed a post-hearing memorandum in which she requested spousal support in the amount of $1,422.00 per month. On June 13, 2014, the magistrate issued a decision awarding Josephine $2,200.00 per month in spousal support until she reached the age of sixty-five. The spousal support award was made retroactive to February 1, 2014. The magistrate also ordered Randall to pay $500.00 towards any arrearage created by the spousal support award as well as $350.00 of Josephine's attorney fees. Both parties filed objections and supplemental objections to the magistrate's decision.

{¶ 8} As previously noted, the trial court sustained in part and modified in part the decision of the magistrate. In its decision filed on January 27, 2015, the trial court adopted the magistrate's award of spousal support to Josephine in the amount of $2,200.00 per month until she reached the age of sixty-five, retroactive to February 6, 2014. The trial court based the amount of spousal support on Randall's income in 2013 which totaled $90,337.82. Based on her sporadic employment history, the trial court imputed income to Josephine in the amount of $16,640.00. The trial court modified the

monthly payment on the arrearage from $500.00 to $300.00 per month. The trial court also adopted the magistrate's order which required Randall to pay $350.00 of Josephine's attorney fees. The trial court also ordered Randall to pay Josephine spousal support in the amount of $850.00 for the month of January 2014.

{¶ 9} It is from this judgment that Randal now appeals and Josephine cross-appeals.

{¶ 10} Randall's first assignment of error is as follows:

{¶ 11} "THE TRIAL COURT ERRED WHEN IT FAILED TO CONSIDER APPELLEE'S NEED FOR SPOUSAL SUPPORT."

{¶ 12} In his first assignment, Randall contends that the trial court erred when it failed to consider Josephine's actual need when it ordered him to pay $2,200.00 per month in spousal support until she reached the age of sixty-five.

{¶ 13} Regarding spousal support, we note that "[d]omestic relations courts are granted broad discretion concerning awards of spousal support, and their orders will not be disturbed on appeal absent an abuse of discretion." *Perry v. Perry*, 2d Dist. Clark No. 07-CA-11, 2008-Ohio-1315, ¶ 5. As the Supreme Court of Ohio determined:

"Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. (Internal citation omitted). It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court,

were it deciding the issue *de novo*, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result.

*AAAA Enterprises, Inc. v. River Place Community Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 14} In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider fourteen factors expressed in R.C. 3105.18(C)(1)(a)-(n), which governs awards of spousal support. "In allocating property between the parties to a divorce and in making an award of sustenance alimony, the trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable, and in accordance with the law." *Rief v. Rief,* 2d Dist. Miami No. 06-CA-47, 2008-Ohio-266, ¶ 6, citing *Kaechele v. Kaechele*, 35 Ohio St.3d 93, 97, 518 N.E.2d 1197 (1988).

{¶ 15} R.C. 3105.18(C)(1) sets forth the following factors for the trial court to consider:

(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

(b) The relative earning abilities of the parties;

(c) The ages and the physical, mental, and emotional conditions of the parties;

(d) The retirement benefits of the parties;

(e) The duration of the marriage;

(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

{¶ 16} Initially, we note that when the parties divorced, there was no permanent spousal support order in place because Randall was unemployed. Randall, however,

continued to pay Josephine $850.00 per month, the amount of the initial temporary support order, until December of 2013. In his appellate brief, Randall argues that Josephine's motion constituted a request for a *modification* of an existing spousal support award. Randall's portrayal of Josephine's motion is incorrect since there was no permanent spousal support order in place. Josephine's motion filed on February 6, 2014, sought to create a spousal support order as the final decree did not.

{¶ 17} Upon review, we conclude that the trial court's spousal support award of $2,200.00 per month to Josephine was both reasonable and adequate pursuant to the factors set forth in R.C. 3105.18(C)(1). The parties were married for approximately thirty years. At the time Josephine filed the motion for an award of spousal support, she was sixty-one years old. Josephine testified that she had applied for full-time employment but was rejected several times. At the time that she filed her motion for spousal support in 2014, Josephine was earning approximately $11,000 per year working part-time at Lexis-Nexis. Because Josephine established no evidence regarding why she was unable to work full time, the trial court imputed annual income to Josephine in the amount of $16,640.00 "based upon full-time employment versus part-time employment." Conversely, Randall was found to have earned just over $90,000.00 in 2013 alone. Moreover, Randall's spousal support obligation will terminate in approximately three-four years when Josephine turns sixty-five years of age. Thus, the duration of the term of spousal support is not burdensome.

{¶ 18} The trial court enjoys broad discretion when considering whether to award spousal support. The crucial issue is to set a support award that is reasonable and appropriate. *McHenry v. McHenry*, 2d Dist. Montgomery No. 20345, 2004-Ohio-4047, ¶

21. "[W]hile need and ability to pay remain important considerations for determining what amount of spousal support is reasonable and appropriate, the term 'need' is an elastic concept that differs from case to case, and that encompasses more than just ensuring that the obligee spouse has the basic necessities of food, clothing, and shelter." *Billingham v. Billingham*, 2d Dist. Montgomery No. 18403, 2001 WL 127764,*4 (February 16, 2001). In light of the duration of the parties' marriage, the disparity in their respective incomes, and the short term (approximately three years) of support, we cannot say that the trial court abused its discretion in finding the amount of Josephine's spousal support award to be reasonable and appropriate.

{¶ 19} Randall's first assignment of error is overruled.

{¶ 20} Randall's second assignment of error is as follows:

{¶ 21} "THE TRIAL COURT ERRED WHEN IT FAILED TO WEIGH APPELLEE'S NEED FOR SPOUSAL SUPPORT AGAINST APPELLANT'S ABILITY TO PAY IN AWARDING SPOUSAL SUPPORT."

{¶ 22} In his second assignment, Randall argues that the trial court erred when it failed to balance Josephine's need for spousal support with his ability to pay when it imposed the amount of $2,200.00 per month. Specifically, Randall asserts that the trial court incorrectly utilized his gross income instead of his net income to determine the amount of the award of spousal support.

{¶ 23} Randall asserts that his net monthly income is $3,399.78. Randall also points out that he puts $900.00 per month into his retirement fund. According to Randall, his monthly expenses total $2,300.00. Based on these calculations, Randall argues that the spousal support award of $2,200.00 per month in addition to $300.00 arrearage

payment exceeds his monthly income by approximately $1,400.00. Thus Randall complains that he is burdened with total monthly expenses of $4,800.00 with a net income of less than $3,400.00.

{¶ 24} With an annual salary of $90,337.82, Randall's gross monthly salary is approximately $7,528.00. In calculating his net income, Randall subtracts the $900.00 he puts into his 401(K) retirement account each pay period. Randall also has twenty-six pay periods each year, for a total of $23,400.00 he saves for retirement each year. Thus, Randall could lower his retirement contribution each pay period in order to add additional income. Moreover, Randall fails to account for the substantial tax break he will receive by deducting the spousal support he is required to pay. We also note that other than providing his W-2 tax forms, Randall has failed to attach any documentation which breaks down his monthly expenses or purports to establish what his monthly expenses total. Moreover, no evidence, testimonial or otherwise, was adduced at the hearing before the magistrate which established the amount of Randall's monthly expenses. As previously noted, Josephine's spousal support award will also terminate when she turns sixty-five years of age, which is in three-four years.

{¶ 25} As discussed in the first assignment, the trial court considered the factors in R.C. 3105.18(C)(1) before it found that a spousal support award of $2,200.00 per month plus $300.00 in arrearage payments, was reasonable and appropriate. Accordingly, we find that the trial court properly considered Randall's ability to pay and therefore, did not abuse its discretion when it formulated his spousal support obligation.

{¶ 26} Randall's second assignment of error is overruled.

{¶ 27} Randall's third and final assignment of error is as follows:

**{¶ 28}** "THE TRIAL COURT ERRED WHEN IT ORDERED APPELLANT TO PAY $850.00 AS AND FOR SPOUSAL SUPPORT FOR JANUARY 2014.

**{¶ 29}** In his final assignment of error, Randall argues that the trial court erred by requiring him to pay Josephine the sum of $850.00 for the month of January 2014.

**{¶ 30}** Josephine filed her motion for spousal support on February 6, 2014. When it ordered spousal support to Josephine, the trial court made the payments retroactive to February 6, 2014. The trial court noted in its decision awarding Josephine spousal support that Randall had paid her $850.00 per month from January of 2006 through December of 2013, totaling approximately $72,000.00. Accordingly, the trial court found it equitable to require Randall to pay $850.00 for January of 2014, the month he failed to submit a temporary spousal support payment to Josephine.

**{¶ 31}** Randall argues that his continued payment of the $850.00 temporary spousal support through December of 2013 was done in "good faith," and he asserts that he is being penalized for his "admirable voluntary payments." Simply put, in fashioning a spousal support award for Josephine, the trial court acted within its discretion when it ordered Randall to submit an additional $850.00 payment for the month of January 2014. Randall had paid Josephine the original amount of the temporary spousal support order since January of 2006. In fact, Randall testified that he believed continued payment of the temporary order satisfied any obligation he had to Josephine with respect to spousal support. Accordingly, Randall's argument that he should not have to pay Josephine the sum of $850.00 for the month of January 2014, is contradicted by his own testimony because up to that point, Josephine had not filed her motion for an award of spousal support and Randall had failed to disclose his employment.

{¶ 32} Randall's third assignment of error is overruled.

**Josephine's Cross-Appeal**

{¶ 33} Josephine's first cross-assignment of error is as follows:

{¶ 34} "THE TRIAL COURT ABUSED ITS DISCRETION BY NOT ORDERING SPOUSAL SUPPORT RETORACTIVE TO WHEN HUSBAND BECAME EMPLOYED."

{¶ 35} In her first cross-assignment, Josephine contends that the trial court abused its discretion when it failed to award her spousal support retroactive to 2007 when Randall became employed in Minnesota. Specifically, Josephine argues that by failing to inform the trial court when he secured full-time employment in 2007 as required by the divorce decree, he perpetrated a fraud upon the court. Therefore, as Josephine suggests, the trial court should have made the spousal support award retroactive to the date in 2007 when he became employed.

{¶ 36} If a court determines that a support order should be modified, it may make the modification order effective from the date the motion for modification was filed. *See Goddard-Ebersole v. Ebersole*, 2d Dist. Montgomery No. 23493, 2009-Ohio-6581, ¶ 8. Indeed, "[a]bsent some special circumstance," an order of a trial court modifying support should be retroactive to the date such modification was first requested. *Id.* Any other holding might produce an inequitable result in view of the substantial time it frequently takes the trial court to dispose of motions to modify support obligations. *Id.*

{¶ 37} Given the substantial amount of time that it frequently takes to dispose of motions to modify spousal support obligations, any rule that would preclude retroactive modification would risk producing an inequitable result. *Id.* "However, the ability to order retroactive modification and a mandate to make such an order are not the same thing."

*Goddard-Ebersole*, at ¶ 9, citing *Bowen v. Bowen*, 132 Ohio App.3d 616, 640, 725 N.E.2d 1165 (9th Dist.1999).

{¶ 38} As previously discussed, the instant case does not involve the modification of a pre-existing spousal support award, but rather the creation of such an award. Given the unique circumstances of this case, however, we find that the trial court did not abuse its discretion by ordering that the spousal support award be made retroactive to February 6, 2014, the date Josephine filed her motion, rather than the date in 2007 when Randall became employed.

{¶ 39} From January of 2006 through December of 2013, Randall made voluntary payments to Josephine in the amount of $850.00 per month. Randall suggests that he kept making the payments because he apparently misunderstood the terms of the divorce decree. Whether Randall actually misunderstood the divorce decree or he intentionally sought to circumvent the requirement that he inform the trial court of his employment is not dispositive of the issue. We note that Josephine accepted the payments (although not court ordered) until they stopped in December of 2013. Moreover, until February 6, 2014, Josephine made no attempt to obtain a spousal support order nor does it appear from the record that she made any effort to monitor or investigate Randall's employment status. Rather, Josephine continued to collect the $850.00 per month that Randall continued to pay her pursuant to the defunct temporary spousal support issued prior to the parties' divorce.

{¶ 40} Accordingly, the trial court did not abuse its discretion when it refused to order that the spousal support award be made retroactive to 2007 when Randall became employed after moving to Minnesota. In making the spousal support award retroactive

to February 6, 2014, the trial court acted in a manner equitable to both parties.

{¶ 41} Josephine's first cross-assignment of error is overruled.

{¶ 42} Josephine's second and final cross-assignment of error is as follows:

{¶ 43} "THE TRIAL COURT ABUSED ITS DISCRETION BY NOT EXTENDING THE TERM OF SPOUSAL SUPPORT."

{¶ 44} In her final cross-assignment, Josephine argues that "since the trial court did not order [Randall] to pay spousal support retroactive to when he obtained employment, it, at least, should have ordered that the term of spousal support be extended an additional seven years, the period that [Randall] hid his employment and paid [Josephine] nothing."

{¶ 45} Upon review, resolution of Josephine's second cross-assignment of error turns on the language of the divorce decree itself. Under R.C. 3105.18(E)(1), a trial court retains jurisdiction to modify a spousal support award if the decree "contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support." In the instant case, the divorce decree specifically states that "[t]he Court shall retain jurisdiction over the issue of the amount of spousal support, *but not the term*, until earlier of (1) death of either party; (2) the remarriage of the Wife or (3) the Wife attaining the age of sixty-five."

{¶ 46} The Ohio Supreme Court has stated that a trial court lacks jurisdiction to modify sustenance alimony awarded for a fixed period of years, even though the decree is subject to termination in the event of remarriage, death, or cohabitation. *Ressler v. Ressler*, 17 Ohio St.3d 17, 476 N.E.2d 1032 (1985), syllabus. The Ohio Supreme Court observed that it was "promoting the concept that alimony decrees should possess a

degree of finality and certainty," and that divorce decrees "determined by court order deserve the same finality as those ordered pursuant to an agreement." *Id.* at 18-19, 476 N.E.2d 1032.

{¶ 47} The language of the divorce decree explicitly stated that the trial court did not retain jurisdiction over the term of the spousal support award. Instead, the divorce decree only provided the trial court with continuing jurisdiction to modify the amount of the spousal support award. Therefore, the trial court was without jurisdiction to modify the duration of the spousal support award. *See Vengrow v. Vengrow,* 9th Dist. Summit No. 24907, 2010–Ohio–2568, ¶ 24 (concluding that because "[t]he trial court had not reserved jurisdiction to modify the spousal support payments in regard to duration in its February 25, 2003 judgment entry * * * the trial court was without authority to extend the duration of support payments in its July 10, 2009 order[.]").

{¶ 48} Accordingly, the trial court did not err when it declined to extend the term of Randall's spousal support an additional seven years because it did not retain jurisdiction to modify the duration of the award pursuant to the explicit language in the divorce decree.

{¶ 49} Josephine's final cross-assignment of error is overruled.

{¶ 50} All of the parties' assignments and cross-assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Charles D. Lowe
Craig M. Sams

Hon. Denise L. Cross